■ VIANCA ROA, Respondent, v F.W. WOOLWORTH CO. et al., Defendants, and KBI SECURITY SERVICE, INC., Appellant.—Order, Supreme Court, Bronx County (Alan J. Saks, J.), entered September 6, 1991, which, *inter alia,* precluded defendant KBI Security Service, Inc. from calling as a witness at the trial of this action any person alleged to have been the security guard involved in the incident in question, unanimously modified, on the law, the facts and in the exercise of discretion, to preclude said defendant from calling as a witness any person other than Joseph Santiago alleged to have been the security guard involved in the incident in question, and otherwise affirmed, without costs.

. While it is within a court's discretion to impose sanctions for conduct which "frustrates the disclosure scheme provided by the CPLR" *(Zletz v Wetanson,* 67 NY2d 711, 713), the sanction imposed is greater than is required to vindicate the statutory scheme. Defendant-appellant's actions in giving the name and address only of the person plaintiff alleged to have assaulted and improperly detained her while denying his involvement was not an act which should preclude said defendant from calling that person to testify. However, as said defendant named no other person, the order of preclusion should stand as to all other persons. Concur—Carro, J. P., Milonas, Rosenberger, Ross and Rubin, JJ.

■ UNITED STATES TRUST CO. OF NEW YORK, Appellant-Respondent, v BAMCO 18, Defendant, and FREDRIC L. ALTSCHULER et al., Respondents-Appellants.—Motion for reargument of this Court's decision and order (183 AD2d 549) entered on May 19, 1992 granted to the extent of deleting the first paragraph of the aforesaid decision and order, in its entirety, and substituting therefor the following: Order of the Supreme Court, New York County (Karla Moskowitz, J.), entered May 20, 1991, which granted plaintiff's motion seeking dismissal of defendants' affirmative defenses and summary judgment to the extent of dismissing the third and fourth affirmative defenses, unanimously modified, on the law, to the extent of granting summary judgment in favor of the plaintiff and remanding the matter for an assessment of damages, and otherwise affirmed, without costs. Concur—Sullivan, J. P., Kupferman, Ross and Rubin, JJ.