■ BARRY (KIP) KAPLAN, Appellant, et al., Plaintiff, v KCK STUDIOS, INC., Doing Business as SOUND AND STAGE, et al., Respondents. (And a Third-Party Action.) [657 NYS2d 26] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered August 26, 1996, which dismissed the complaint in its entirety for failure to comply with a disclosure order, unanimously reversed, on the law, without costs, and the complaint reinstated except as to the discontinued thirteenth and fifteenth causes of action and those previously dismissed in orders other than the one appealed from.

We find that the IAS Court abused its discretion by imposing the drastic remedy of dismissal of the complaint.

Even assuming that plaintiff, who at that time was proceeding pro se, was deserving of some sanction for his failure to fully comply with discovery requests, dismissal of the complaint was an extraordinarily excessive response under the circumstances.

There was no evidence of a pattern of obstructive or dilatory behavior on plaintiff's part. In fact, the Referee found that plaintiff's responses were satisfactory as to the vast majority of

demands. Moreover, plaintiff's noncompliance as to certain requests relevant to two of the then 10 extant causes of action was resolved by his withdrawal of those causes of action. As to the other noncompliance, which was minimal, there is no basis, on this record, to find that plaintiff's responses were calculated to frustrate the statutory disclosure scheme (*see*, *Zletz v Wetanson*, 67 NY2d 711, 713; *Roa v Woolworth Co.*, 189 AD2d 689). The IAS Court erred in announcing that anything other than a ruling by the Referee that plaintiff had fully complied with all requests would result in dismissal of the complaint and further erred when it carried out that threat. The dismissal of the complaint was an inappropriate response to plaintiff's supposed lapse and far more than what was necessary to protect defendants' legitimate interests. Concur—Sullivan, J. P., Ellerin, Tom and Andrias, JJ.