■ CORNER REALTY 30/7, INC., Appellant, v BERNSTEIN MANAGEMENT CORP., Doing Business as BERNSTEIN REAL ESTATE, Respondent. [672 NYS2d 95] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered on or about June 3, 1997, which dismissed plaintiff's complaint, and order, same court and Justice, entered May 15, 1997, which, *inter alia,* granted judgment in favor of defendant on liability as to its first, second and fifth counterclaims and ordered an inquest, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the complaint reinstated and judgment in defendant's favor on its counterclaims is vacated.

Plaintiff property owner commenced the instant action in February 1996 against defendant Bernstein Management Corp., the former managing agent for plaintiff's properties. The

complaint alleged that after plaintiff terminated defendant's services in January 1996, defendant continued to hold itself out as plaintiff's agent and refused to turn over to plaintiff the books and records necessary for plaintiff to conduct its business. Plaintiff sought to enjoin defendant from acting as its agent, and demanded the return of its books and records, an accounting and damages. In its answer, defendant denied the allegations and asserted counterclaims accusing plaintiff of breaching the management agreement by failing to pay management fees and commissions.

In April 1996, the parties appeared at a discovery conference before Justice Crane, who so-ordered a stipulation (Stipulation) requiring both parties to furnish specific items of discovery before certain dates. In June 1996, counsel for defendant wrote a letter to the court complaining that plaintiff had failed to comply with any of the discovery items in the Stipulation, and failed to produce its principal for two scheduled depositions. Defendant's counsel requested dismissal of the complaint.

On July 15, 1996, another conference was held, this time before Justice Gammerman. After plaintiff's new counsel served additional discovery demands, the court set short deadlines for compliance with all outstanding discovery orders, and slightly longer ones for the supplemental requests. All discovery was to be completed by October 15, 1996, and the court specifically stated that all disputes that could not be resolved should be addressed in a letter to the court requesting a conference, and not by motion practice. Thereafter, plaintiff's counsel informed defendant's attorney that he could not comply with one of the outstanding discovery items in the Stipulation, which related to defendant's counterclaims, until it was narrowed by defendant. Defendant's counsel wrote back stating that no limitation was necessary or mandated by the Stipulation. Defendant's counsel wrote a second letter to the court requesting dismissal of the complaint due to plaintiff's continued non-compliance with discovery orders.

Another conference was held before Justice Gammerman on October 21, 1996. The court stated on the record that since both parties claimed to be in compliance with the Stipulation, yet alleged that the opposing side was not, he would refer the issue of compliance to a Special Referee to hear and report. The court specifically warned that if either side was found not to be in compliance with the Stipulation, its pleadings would be stricken and judgment would be entered for the opposing party. Although plaintiff's counsel attempted to argue that some "specification" of one of the discovery items in the Stipu-

lation was required, the court cut him off and simply referred all issues to the Referee.

The hearing was held before a Referee on November 27, 1996. The Referee ruled that plaintiff failed to comply with only one, or possibly two, items in the Stipulation. The Referee rejected plaintiff's assertion that "clarification" was required for the second of the undisclosed items. The Referee further found that plaintiff had abandoned its own contention that defendant was not in compliance with the Stipulation. In December 1996, and again in February 1997, plaintiff's counsel wrote to the court reiterating its objections to the scope of some of the disclosure items, and further indicating that it had, in any event, complied with the requests at the hearing.

In March 1997, defendant moved to confirm the Referee's report and for dismissal of the complaint. Pursuant to his October 21st order, Justice Gammerman struck plaintiff's complaint and granted defendant judgment on liability on the three counterclaims requesting money damages. The court rejected the arguments of plaintiff's counsel that the sanction was excessive, noting that counsel had not expressed any disagreement with the conditional sanction at the October 21st conference.

On appeal, plaintiff argues that the motion court abused its discretion in dismissing the action and granting defendant judgment on its counterclaims, since there has been no showing that its noncompliance was either willful or contumacious. We agree. CPLR 3126 provides various sanctions for violations of discovery orders, the most serious of which are striking a party's pleadings or outright dismissal of the action (*see, Corsini v U-Haul Intl.*, 212 AD2d 288, 291, *lv dismissed in part and denied in part* 87 NY2d 964; *see also, Dauria v City of New York*, 127 AD2d 459, 460). However, in furtherance of the policy of favoring the resolution of actions on the merits, the extreme sanction of dismissal is warranted only where a clear showing has been made that the noncompliance with a discovery order was willful, contumacious or due to bad faith (*Corsini v U-Haul Intl., supra; Washington v Alco Auto Sales*, 199 AD2d 165; *Rubin v Pan Am. World Airways*, 128 AD2d 765; *see also, 1250 Broadway Parking Corp. v 38-32 Assocs.*, 238 AD2d 188).

The IAS Court made no finding that plaintiff's noncompliance with the Stipulation was willful or contumacious, nor is one readily inferable from the record. Plaintiff's initial lack of diligence in attending to the discovery on defendant's counterclaims is understandable in light of plaintiff's change of counsel during this period, a fact made known to both defendant's counsel and the court at the conference when the Stipulation

was executed. Additionally, Judge Gammerman informed the parties at the July 15, 1996 conference that any disputes that arose over the new discovery schedule were to be resolved by court conference, rather than by motion practice. Thus, when plaintiff's new counsel decided to object to the scope of one of the items of discovery in the Stipulation, it did so by letter to its adversary rather than by a motion for a protective order. This conduct was consistent with the court's suggested procedure, and was not obstructive.

Moreover, as we have previously held, it was patently improper for the court to announce prior to the hearing that the striking of the parties' pleadings would result if either party failed to comply with *any* item of discovery in the Stipulation (*see, Kaplan v KCK Studios*, 238 AD2d 264). Plaintiff was clearly prejudiced by the court's procedure, since it was prohibited from asserting its objections to disclosure, and then, without warning, was told that if a Referee found any noncompliance its complaint would be dismissed. While some of plaintiff's responses and objections were questionable, these inadequacies did not warrant the drastic sanction of dismissal absent a clear showing that the conduct was willful or contumacious (*Frye v City of New York*, 228 AD2d 182, 182-183).

Plaintiff did not waive its objection to the dismissal of its complaint or the judgment on the counterclaims by failing to object to the order of reference, or by not appealing that order. Plaintiff's counsel's attempts to raise objections were consistently stymied by the court, and, in any event, plaintiff only objects to the sanction, not the reference.

Accordingly, the complaint is reinstated and judgment in favor of defendant on the counterclaims is vacated. Concur— Ellerin, J. P., Nardelli, Mazzarelli and Andrias, JJ.