■ CIGNA PROPERTY AND CASUALTY COMPANY, as Subrogee of WINDOW MODES LTD., Respondent, v DECORATION AND DESIGN BUILDING PARTNERSHIP et al., Appellants. [700 NYS2d 465] —Order, Supreme Court, New York County (Franklin Weissberg, J.), entered on or about September 3, 1998, which, *inter alia*, granted plaintiff's motion to strike defendants' answer and denied defendants' cross-motion for summary judgment as moot, unanimously modified, on the law and the facts and in the exercise of discretion, to deny plaintiff's motion and reinstate defendants' answer, and otherwise affirmed, without costs.

This is an action by plaintiff Cigna Property and Casualty Company, as subrogee of its insured Window Modes Ltd., against the owners and managers of the building in which Window Modes was a tenant. On March 10, 1995, a fire broke out in the building, causing more than $7 million worth of damage to the building and to the property of its tenants. Plaintiff seeks to recover $15,000 in property damage, on the ground that the fire was caused by defendants' negligent failure to rectify unsafe conditions in the building.

Issue was joined in August 1996. Plaintiff served a demand for a bill of particulars and two notices for discovery and inspection (D&I) in September 1996. Having received no response by May 1997, plaintiff moved pursuant to CPLR 3126 for an order to preclude defendants from giving evidence on the issues covered by those demands. By order dated September 12, 1997, the court conditionally granted the motion unless defendants served their responses within 45 days. Defendants served their bill of particulars and D&I responses on September 5, 1997, as well as a supplemental set of responses on January 7, 1998.

Plaintiff served a third D&I notice on February 17, 1998. Defendants served their own discovery demands in March. At a pre-trial conference on April 21, 1998, the court directed the parties to exchange insurance policies and respond to each other's discovery demands within 30 days. Depositions of all parties were set for May 28 (plaintiff's witnesses) and May 29

(defendants' witnesses). Defense counsel informed the court that he intended to move for summary judgment based on the anti-subrogation rule, but needed a copy of plaintiff's insurance policy. However, the court refused to adjourn the deposition.

Although the discovery deadline was a week before the depositions were scheduled, defendants did not receive the necessary discovery to make their summary judgment motion, including plaintiff's insurance policy, until May 26, 1998. Therefore, defense counsel contacted plaintiff's counsel to advise that he could not proceed with depositions until he had more opportunity to review the documents. The court was informed of plaintiff's discovery noncompliance and directed the parties to begin depositions on May 29. Plaintiff produced two witnesses but defendants produced none.

Based on plaintiff's claims at the June 1, 1998 compliance conference that defendant had not produced witnesses, the court directed plaintiff to move for an order of preclusion and sanctions. Plaintiff thereafter moved to strike defendants' answer. Defendants cross-moved for summary judgment on the grounds that defendants were additional insureds under the policy and thus plaintiff could not assert a right of subrogation against them. Defendants argued that they were unable to appear for depositions because there were no working days between the time plaintiff's witnesses appeared to be deposed (Friday, May 29) and the compliance conference (Monday, June 1).

The IAS Court struck defendants' answer for lack of compliance with discovery demands. The court held that defendants' production of only 12 pages in response to plaintiff's request for "any and all records regarding the fire at the subject premises prior to and including March 10, 1995" was clearly incomplete. In light of defendants' past delays in responding to discovery notices, the court found that the failure to produce witnesses was willful and contumacious.

The IAS Court's decision was an improvident exercise of discretion. In furtherance of the policy favoring resolution of actions on the merits, the drastic remedy of striking a party's pleadings should only be imposed upon a clear showing of willfulness or bad faith (*Corner Realty 30/7 v. Bernstein Mgt. Corp.*, 249 AD2d 191); otherwise, dismissal is not warranted (*Kaplan v KCK Studios*, 238 AD2d 264).

Though defendants did not respond to plaintiff's notices for D&I and a bill of particulars in the most timely fashion, they did eventually produce hundreds of pages of responsive documents. As for the relatively small number of documents

produced in response to the request for records "regarding the fire at the subject premises *prior to and including* March 10, 1995" (emphasis added), this is in part due to plaintiff's poor draftsmanship: read literally, the request only asks for documents dated March 10, 1995, since before that date the fire had not even occurred. In fact, defendant also produced documents dated after March 10 in response to this request.

Defendants' failure to produce their witnesses for deposition surely did not rise to the level of contumacious conduct. Plaintiff's own failure to supply the necessary discovery within the timetable set by the court required a day's postponement. As plaintiff's witnesses were now being deposed on the last business day of that week, and the court had previously allotted a day for each side's witnesses, defendants naturally assumed that they would be allowed to produce their witnesses the following week. Instead, on the very next business day, the court went ahead with the compliance conference and directed plaintiff to move to strike, without giving defendants an opportunity to present their witnesses. After the conference, defendants again attempted to work out a new schedule with plaintiff, who rejected the offer and made a motion to strike. Defendants should not suffer the ultimate penalty of dismissal based on circumstances that were beyond their control (*First Bank v Motor Car Funding*, 257 AD2d 287, 293). Concur—Sullivan, J. P., Rosenberger, Tom, Mazzarelli and Wallach, JJ.