(June 22, 2010)

■ Brin McCagg, Respondent, v Schulte Roth & Zabel LLP et al., Appellants, et al., Defendant. Brin McGagg et al., Appellants, v Schulte Roth & Zabel LLP, et al., Respondents. [904 NYS2d 31]—

Order, Supreme Court, New York County (Bernard J. Fried, J.), entered August 4, 2008 (20 Misc 3d 1139[A], 2008 NY Slip Op 51794[U] [2008]), which, insofar as appealed from as limited by the briefs, granted plaintiff's cross motion to add a dissolved Delaware corporation as an additional party plaintiff on his seventh cause of action against defendants Schulte Roth & Zabel LLP and Marc Weingarten (the SRZ defendants) for aiding and abetting an alleged breach of fiduciary duty, and denied the SRZ defendants' motion to dismiss the seventh cause of action to the extent that cause of action was brought on behalf of the dissolved corporation, unanimously reversed, on the law, with costs, plaintiff's cross motion denied, and the SRZ defendants' motion to dismiss the seventh cause of action granted. Order, same court and Justice, entered January 26, 2009, which granted motions by defendant Alan Clingman and the SRZ defendants to dismiss the amended complaint with prejudice, unanimously modified, on the law and the facts, and in the exercise of discretion (1) to dismiss the action with prejudice unless, within 30 days after service of a copy of this order with notice of entry, plaintiff serves a new amended complaint that comports with the court's prior orders entered September 26, 2005 and August 4, 2008 but asserts only the claims remaining against defendant Clingman, and (2) to direct that plaintiff pay defendants the reasonable attorneys' fees and other reasonable expenses they incurred in connection with the filing of the amended complaint, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the action as against the defendants Schulte Roth & Zabel LLP and Marc Weingarten.

In 2000 and 2001, defendant Clingman and others formed a company called Marquis Jet Partners, Inc. Marquis is one of a handful of fractional jet ownership companies that maintain fleets of aircraft and sell the rights to travel on those planes for fixed periods of time to frequent users of jet travel. In August 2002, Marquis terminated Clingman. Clingman retained 12% of Marquis common stock, and refused an offer to sell back his shares and sign a noncompete agreement.

In November of the same year, Clingman invited plaintiff McCagg to attend a meeting in Florida with the senior management of Flexjet/Bombardier, a Canadian jet manufacturer. The purpose of the meeting was to discuss creating a company to

compete with Marquis. Clingman allegedly thought the new company could have a competitive advantage over Marquis by offering the sale of airplane usage in smaller blocks of time.

McCagg and Clingman decided to pursue the venture. On December 17, 2002, the law firm of Schulte Roth & Zabel (SRZ), handled the incorporation of the corporation, which was called Clearjets, in the State of Delaware. SRZ had done legal work for Clingman, and he recommended it to McCagg to handle the incorporation.

Two days later, on December 19, 2002, Marquis's counsel demanded that Clingman abandon any plans to engage in any venture that would compete with his former firm. The letter threatened that if Clingman did not accede, Marquis would take necessary legal action to protect its rights. SRZ responded by letter dated December 24, 2002. The correspondence stated, among other things, that Clingman had been terminated by Marquis, that he was not given any severance when he was terminated, that he had not executed a non-competition agreement, and that he was not otherwise bound to suspend involvement in any competing venture in the industry.

Next, on January 1, 2003, McCagg and Clingman both signed a one page "Letter of Agreement" outlining their mutual duties as "Partners" in the venture. The letter states:

"1. The Partners agree to contribute the fractional private jet business into a mutually owned LLC (the LLC).

"2. Both Partners will work full time for the LLC and use their best efforts to develop the contributed business.

"3. Clingman will assume the title and role of Chairman and CEO, and McCagg will assume the title and role of President. The Partners agree to confer on all major decision[s] regarding the operation of the businesses.

"4. LLC equity will be split 60% for Clingman and 40% for McCagg. Any shares issued for any purpose (e.g. raising capital, ESOPS, etc.) will dilute each Partner pro rata.

"5. All legitimate and reasonable expenses, which are mutually agreed upon in advance, will be paid based upon the Partners' 60-40 equity split.

"6. Both Partners agree not to sell their stock without notifying the other Partner and allowing, but not requiring, the other Partner to participate in the sale event on a pro rata basis."

The record contains correspondence between Clingman and Marquis, all dated mid-January 2003, indicating that Clingman was contemplating selling back his Marquis stock and entering into a "non-competition" agreement with his former employer.

Around the same time, and for disputed reasons, McCagg and Clingman were not able to enter into a contract with Bombardier. Clingman states that by March 2003 he realized that Clearjets was not viable, and he found out that Bombardier was negotiating a similar deal with Delta Air Lines, which was ultimately executed. Clingman also states that he did not want to continue working with McCagg because they had continuing personal disputes.

Clingman contends that on April 9, 2003, as a result of his realizations and Bombardier's unavailability, he sold·stock back to Marquis, executed a noncompete agreement with it, and quit the fractional jet travel business. McCagg, by contrast, contends that Clingman had used the Clearjets venture to obtain leverage against his former employer, and then sabotaged the Clearjets venture to enhance the value of Marquis in the fractional jet industry. McCagg also alleges that Clingman received a multi-million dollar windfall from Marquis, in return for signing the noncompete agreement.

On May 5, 2003, SRZ filed a certificate of dissolution of Clearjets with the Secretary of State of Delaware. McCagg claims that he did not consent to the dissolution of the corporation.

By complaint dated May 19, 2004, McCagg brought this action against the SRZ defendants and Clingman (the *SRZ* litigation). Clearjets was not a named plaintiff. The complaint contained eight causes of action. The first five were asserted against Clingman. They alleged: (1) breach of contract; (2) breach of fiduciary duty; (3) common-law fraud; (4) misappropriation of corporate opportunity and unjust enrichment; and (5) a claim for an accounting and constructive trust. The sixth through eighth causes of action were asserted against the SRZ defendants and certain SRZ partners. These claims were for: (6) breach of fiduciary duty; (7) aiding and abetting breach of fiduciary duty and fraud; and (8) legal malpractice.

Clingman then moved pursuant to CPLR 3211 (a) (5) for an order dismissing the first five causes of action on the ground that they were barred by the statute of frauds, because there was no signed writing prohibiting Clingman from selling back his Marquis stock or entering into a non competition agreement with his former employer. By order entered September 26, 2005, the motion court granted Clingman's motion only to the extent of dismissing the first cause of action (*McCagg v Schulte, Roth & Zabel*, 2005 NY Slip Op 30357[U] [2005]). On appeal, we affirmed this determination (36 AD3d 424 [2007]).

On March 13, 2006, McCagg brought a federal antitrust ac-

tion against Marquis (the Marquis litigation), with pendant derivative claims on behalf of Clearjets, a named plaintiff in that action. The District Court dismissed the federal claims and declined to assert pendant jurisdiction over remaining state law claims (*McCagg v Marquis*, 2007 WL 2454192, 2007 US Dist LEXIS 61020 [2007]). McCagg moved for reconsideration, which was denied, (2007 WL 2161786, 2007 US Dist LEXIS 54516 [2007]). McCagg and Clearjets then refiled the pendant claims in the Marquis litigation in state court. The dismissal of those claims is not challenged on these appeals.

On August 31, 2007, after extensive discovery, the SRZ defendants moved for summary judgment dismissing the sixth through eighth causes of action in the *SRZ* litigation. Plaintiff cross-moved for leave to amend the caption to add Clearjets as a plaintiff and add another SRZ partner as a defendant.

In the first of the two orders appealed, entered August 4, 2008, the court granted plaintiff's cross motion to the extent of allowing McCagg to add Clearjets as a plaintiff. The court reasoned that because the derivative claims were asserted in the federal Marquis litigation, which was brought within three years of the dissolution of Clearjets (*see* Del Code Ann, tit 8, § 278), the doctrine of relation back, codified at CPLR 203 (f), permitted Clearjets to be added as a plaintiff in this action.

The court also granted the SRZ defendants' motion to the extent of directing dismissal of the sixth and eighth causes of action. It reasoned that McCagg did not have a basis for these individual causes of action against SRZ because he was not a client of the firm. The court sustained the seventh cause of action, but only to the extent asserted as a derivative claim on behalf of Clearjets. With respect to so much of the seventh cause of action asserting that the SRZ defendants aided and abetted a breach of fiduciary duty owed by Clingman (either as an alleged joint venturer or as a majority shareholder) to McCagg, the court ruled that the facts did not support either theory of liability. However, the court found that the SRZ defendants had a duty to Clearjets, and it concluded:

"[W]here the primary purpose for the creation of Clearjets was to compete with Marquis, I cannot say as a matter of law that Clingman's negotiation and execution of a non-competition agreement with Marquis, while still chairman and CEO of Clearjets, was not a breach of his fiduciary duty owed to Clearjets. Nor can I say, as a matter of law, based on the parties' submissions including redacted and incomplete billing statements that [the SRZ defendants] did not aid and abet Clingman in the alleged breach. As noted above, the statements show that

[SRZ] advised Clingman on 'all aspects of Marquis relationship including . . . non-competition and release agreements.'

"Because there are material issues of fact whether the [SRZ] defendants knowingly rendered substantial assistance to Clingman in negotiating and executing the non-competition agreement, while he was chairman and CEO of Clearjets, the seventh cause of action is not dismissed (*see State of New York v Grecco*, 43 AD3d 397 [2nd Dept 2007])." (20 Misc 3d 1139[A], 2008 NY Slip Op 51794[U], *10-11 [2008].)

Plaintiff did not appeal from the court's dismissal of the claims brought against the SRZ defendants in the seventh cause of action, premised on a breach of fiduciary duty that Clingman allegedly owed to him.

Plaintiff then filed an amended complaint, dated September 2, 2008, which added Clearjets as a plaintiff, removed one of the SRZ partners as a defendant, and asserted five causes of action (purportedly eliminating the first, sixth, and eighth causes of action). However, this amended complaint added new facts and claims, omitted information that was set forth in the prior complaint, and expanded the basis for some of the individual claims against Clingman.

On October 8, 2008, Clingman moved to dismiss the amended complaint on three grounds: (1) New York's Business Corporation Law § 1312 precluded Clearjets from maintaining an action in New York; (2) the amended complaint combined new derivative claims within the former individual causes of action; and (3) the amended pleading did not conform to the terms of the order granting leave to amend. The SRZ defendants made a companion motion joining the first and third of Clingman's arguments. On January 23, 2009, the court heard oral argument on the motion. After a short recess, it dismissed the proposed amended complaint, with prejudice, for failure to comply with the express authorization of its earlier order. Plaintiff moved for reconsideration, which was denied, and an order was entered January 26, 2009 dismissing the action with prejudice.

The SRZ defendants and defendant Clingman both appeal from the August 4, 2008 order, to the extent that it allowed plaintiff to amend the complaint to add Clearjets as a plaintiff. The SRZ defendants also seek dismissal of the claim for aiding and abetting breach of fiduciary duties. Plaintiff appeals from the January 26, 2009 order dismissing the amended complaint with prejudice.

We reverse the August 4, 2008 order, to the extent appealed from, and deny plaintiff's cross motion to add Clearjets as a

party plaintiff. Further, given our conclusion that Clearjets does not have capacity to bring claims in this lawsuit, we grant the SRZ defendants' motion to dismiss the seventh cause of action. As our order rejects the only remaining theory for a claim against the SRZ defendants, we grant judgment directing dismissal of the action against them.

With respect to the January 26, 2009 order, we direct a conditional dismissal of the action with prejudice unless, within 30 days after service of a copy of this order with notice of entry, plaintiff serves a new amended complaint that comports with the court's prior orders entered September 26, 2005 and August 4, 2008, but asserts only the direct claims remaining against defendant Clingman.

At common law, the dissolution of a corporation ended its existence, thus annulling all pending actions by and against it and terminating its capacity thereafter to sue or be sued (*see Oklahoma Natural Gas Co. v Oklahoma*, 273 US 257 [1927]). However, legislation can be enacted to prolong the life of a corporation past its date of dissolution for designated purposes (*id.* at 259). Such statutes balance the important interest of ensuring that claimants have adequate time to bring claims against the corporation against the equally important concern for allowing the corporation's directors, officers, and stockholders to wind up the corporate affairs and be free from claims relating to the dissolved corporation after sufficient time has passed (*In re Dow Chem. Intl. Inc.*, 2008 WL 4603580, *2, 2008 Del Ch LEXIS 147, *4-5 [2008]). Del Code Ann, tit 8, § 278, applicable here, provides: "All corporations, whether they expire by their own limitation or are otherwise dissolved, shall nevertheless be continued, for the term of 3 years from such expiration or dissolution . . . for the purpose of prosecuting and defending suits, whether civil, criminal or administrative, by or against them . . . *With respect to any action, suit or proceeding begun by or against the corporation either prior to or within 3 years after the date of its expiration or dissolution*, the action shall not abate by reason of the dissolution of the corporation; the corporation shall, *solely for the purpose of such action, suit or proceeding*, be continued as a body corporate beyond the 3-year period and until any judgments, orders or decrees therein shall be fully executed, without the necessity for any special direction to that effect by the Court of Chancery" (emphasis added). In addition, the issue of the dissolved corporation's joinder as a party plaintiff is one of capacity, not timeliness (*see In re Citadel Indus., Inc.*, 423 A2d 500 [Del Ch 1980]). Clearjets was dissolved on May 5, 2003. It had capacity to bring the claims

asserted in the *Marquis* litigation, because the derivative claims in that litigation were commenced in federal court on March 13, 2006 (within three years of the corporation's dissolution). However, the derivative claims in this litigation were not sought to be raised, and plaintiff did not seek to add Clearjets as a plaintiff until 2008, more than three years after the corporation's 2003 dissolution.

The *Marquis* action and this *SRZ* litigation are separate lawsuits, and, under the express language of Del Code Ann, tit 8, § 278, Clearjets no longer existed when, more than three years after its dissolution, plaintiff moved to add it as a party in this action (*see Marsh v Rosenbloom,* 499 F3d 165, 172-173, 175 [2d Cir 2007]; *In re Citadel Indus.,* 423 A2d at 502-503; *Smith-Johnson S. S. Corp. v United States,* 231 F Supp 184 [D Del 1964]). Finally, the motion court incorrectly concluded that because the derivative claims sought to be raised in this litigation related back to the commencement of the *Marquis* litigation (*see* CPLR 203 [f]), they were not barred by Del Code Ann, tit 8, § 278. In view of these conclusions, we need not reach the SRZ defendants' contentions relating to the merits of a proposed seventh cause of action sought to be asserted derivatively by McCagg on behalf of Clearjets.

In the second order appealed, the motion court correctly ruled that plaintiff acted improperly in filing, without its permission, an amended complaint that differed substantially from the proposed amended complaint that the court had granted plaintiff leave to file in its August 4, 2008 order (*see* CPLR 3025 [b]; *cf.* CPLR 2001). Indeed, plaintiff's attorney conceded at the oral argument before the motion court that he should have obtained further permission to file the amended complaint. However, in view of this concession, our preference for resolving controversies on the merits (*see Spira v New York City Tr. Auth.,* 49 AD3d 478 [2008]), and the absence of a pattern of willful or contumacious conduct by plaintiff (*see Kaplan v KCK Studios,* 238 AD2d 264 [1997]), it was an improvident exercise of discretion for the motion court to dismiss the amended complaint with prejudice (*see Grant v Rattoballi,* 57 AD3d 272, 273 [2008]; *Kaplan,* 238 AD2d at 264-265; *cf. Corsini v U-Haul Intl.,* 212 AD2d 288, 291 [1995], *lv dismissed in part and denied in part* 87 NY2d 964 [1996]).

Instead, we award the reasonable attorneys' fees and other expenses incurred by defendants in the motion practice involving the amended complaint (CPLR 3025 [b]). As the amended complaint is not susceptible to pruning, we direct plaintiff to serve a new amended complaint that comports with this order as well as the motion court's prior orders.

Given our conclusion that Clearjets lacks capacity to sue, we need not reach the SRZ defendants' allegation that Business Corporation Law § 1312 precludes Clearjets from bringing an action in New York. We have considered the parties' remaining contentions and find that we either need not reach them or that they are without merit. Concur—Gonzalez, P.J., Friedman, McGuire, DeGrasse and Manzanet-Daniels, JJ.