# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**992**

**CA 15-01801**

PRESENT: WHALEN, P.J., PERADOTTO, NEMOYER, CURRAN, AND TROUTMAN, JJ.

---

TIMOTHY SHERMAN, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

ST. ELIZABETH MEDICAL CENTER AND KEVIN
LAMPHERE, R.N., DEFENDANTS-RESPONDENTS.

---

ROBERT F. JULIAN, P.C., UTICA (STEPHANIE A. PALMER OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

GALE GALE & HUNT, LLC, FAYETTEVILLE (MATTHEW J. VANBEVEREN OF
COUNSEL), FOR DEFENDANT-RESPONDENT ST. ELIZABETH MEDICAL CENTER.

---

Appeal from an order of the Supreme Court, Oneida County (Erin P. Gall, J.), entered July 8, 2015. The order, insofar as appealed from, granted the motion of defendant St. Elizabeth Medical Center to deem the original complaint to be the active pleading and denied the cross motion of plaintiff for leave to file and serve a second amended complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this negligence and medical malpractice action seeking damages for injuries that he allegedly sustained as the result of the care and treatment provided by defendants when he presented at the emergency room of defendant St. Elizabeth Medical Center (St. Elizabeth) on two successive days, suffering from a tooth abscess. In the original complaint, plaintiff alleged, inter alia, that defendant Kevin Lamphere, R.N., made several sexually inappropriate comments to plaintiff and massaged plaintiff's back as plaintiff waited for an X ray. Plaintiff further alleged that both defendants deviated from the applicable standard of care in failing to diagnose and treat his infection in a timely and proper manner, and in failing to treat the symptoms he experienced as a consequence of the infection. Plaintiff also alleged that St. Elizabeth was negligent in maintaining Lamphere on its staff because it knew that he had a history of inappropriate conduct toward patients.

Supreme Court thereafter granted plaintiff's oral motion for leave to amend the complaint to add a cause of action alleging "negligence by the hospital in failing to properly instruct, monitor and admonish its personnel with respect to proper nurse-patient

interaction."  After plaintiff filed and served an amended complaint, St. Elizabeth moved for an order deeming the original complaint to be the active pleading in the action, and plaintiff cross-moved for leave to serve a second amended complaint.  Plaintiff now appeals from an order that granted the motion and denied the cross motion.

Turning first to the cross motion, we note that "[t]he decision whether to grant leave to amend pleadings rests within the court's sound discretion and will not be disturbed absent a clear abuse of that discretion" (*Raymond v Ryken*, 98 AD3d 1265, 1266; *see Pagan v Quinn*, 51 AD3d 1299, 1300).  We perceive no clear abuse of discretion in the court's denial of the cross motion for leave to serve a second amended complaint.

Nor did the court abuse its discretion in granting the motion of St. Elizabeth to strike the amended complaint and deem the original complaint to be the active pleading.  In his papers opposing the motion and supporting the cross motion, plaintiff conceded that the amendments to the original complaint were unnecessary with respect to the allegations of malpractice and negligence because the allegations in the amended complaint were restatements of the allegations in the original complaint, as amplified by plaintiff's bills of particulars (*see Raies v Apple Annie's Rest.*, 115 AD2d 599, 600).  Contrary to plaintiff's contention on appeal, however, the amended complaint otherwise "differed substantially from the proposed amended complaint that the court granted plaintiff leave to file" (*McCagg v Schulte Roth & Zabel LLP*, 74 AD3d 620, 627).  We therefore conclude that, inasmuch as the amended complaint "contains a number of previously unpleaded factual allegations and new theories" (*Moon v Clear Channel Communications*, 307 AD2d 628, 630), the court properly granted the motion for an order deeming the original complaint to be the active pleading in the action.

Entered:  December 23, 2016                          Frances E. Cafarell
                                                     Clerk of the Court