Brenon v Asbestos Corp., Ltd. (2020 NY Slip Op 06601)





Brenon v Asbestos Corp., Ltd.


2020 NY Slip Op 06601


Decided on November 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, TROUTMAN, WINSLOW, AND DEJOSEPH, JJ.


606 CA 19-00699

[*1]CHRISTIANA T. BRENON, EXECUTRIX OF THE ESTATE OF THOMAS A. HENDERSON, DECEASED, AND EXECUTRIX OF THE ESTATE OF SHARON L. HENDERSON, DECEASED, PLAINTIFF-APPELLANT,
v
ASBESTOS CORPORATION, LTD., ET AL., DEFENDANTS, AND SPECIAL ELECTRIC COMPANY, INC., DEFENDANT-RESPONDENT. (ACTION NO. 1.)
-
MARJORIE A. SCHREIBER, EXECUTRIX OF THE ESTATE OF DENNIS C. SCHREIBER, DECEASED, AND INDIVIDUALLY AS SURVIVING SPOUSE OF DENNIS C. SCHREIBER, PLAINTIFF-APPELLANT,
v
AJAX MAGNATHERMIC CORP., ET AL., DEFENDANTS, AND SPECIAL ELECTRIC COMPANY, INC., DEFENDANT-RESPONDENT. (ACTION NO. 2.)
-
SHIRLEY J. THRUSH, EXECUTRIX OF THE ESTATE OF TERRY W. THRUSH, DECEASED, AND INDIVIDUALLY AS THE SURVIVING SPOUSE OF TERRY W. THRUSH, PLAINTIFF-APPELLANT,
v
ASBESTOS CORPORATION, LTD., ET AL., DEFENDANTS, AND SPECIAL ELECTRIC COMPANY, INC., DEFENDANT-RESPONDENT. (ACTION NO. 3.) 







LIPSITZ & PONTERIO, LLC, BUFFALO (JOHN LIPSITZ OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
THE COOK GROUP PLLC, NEW YORK CITY (ALYSA B. KOLOMS OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeals from an order of the Supreme Court, Erie County (Deborah A. Chimes, J.), entered March 14, 2019. The order granted the motions of defendant Special Electric Company, Inc. to dismiss plaintiffs' complaints against it. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant Special Electric Company, Inc. (Special Electric), a Wisconsin corporation, allegedly imported and distributed a carcinogenic form of asbestos to various businesses, some of which were located in New York. Eventually, Special Electric declared [*2]bankruptcy and was administratively dissolved on September 11, 2012 after it failed to comply with Wisconsin reporting and filing requirements. Notice of that dissolution was published in May 2014. Pursuant to Wisconsin Statutes Annotated § 180.1407 (2) and as relevant here, a claim against a dissolved corporation is barred unless the plaintiff brings an action to enforce the claim within two years after the publication date of the newspaper notice. It is undisputed that plaintiffs' actions were not commenced within two years of the publication date.
In these actions, Special Electric moved to dismiss the complaints against it, contending that Wisconsin law applied and that it was therefore immune from suit because these actions were not commenced within the applicable two-year period. In opposition to the motions, plaintiffs asserted that Supreme Court should apply Business Corporation Law §§ 1005 and 1006, which contain no time limit on actions against dissolved corporations. The court granted the motions, and plaintiffs appeal.
Contrary to plaintiffs' contention, we conclude that the court properly applied Wisconsin law and thus properly granted the motions. "At common law, the dissolution of a corporation ended its existence, thus annulling all pending actions by and against it and terminating its capacity thereafter to sue or be sued" (McCagg v Schulte Roth & Zabel LLP, 74 AD3d 620, 626 [1st Dept 2010], citing Oklahoma Natural Gas Co. v Oklahoma, 273 US 257 [1927]; see generally Matter of National Sur. Co., 283 NY 68, 74 [1940], remittitur amended 284 NY 593 [1940], cert denied 311 US 707 [1940]). In order to "balance the important interest of ensuring that [the plaintiffs] have adequate time to bring claims against the corporation against the equally important concern for allowing the corporation's directors, officers, and stockholders to wind up the corporate affairs," many states enacted legislation to prolong the life of dissolved corporations for designated purposes (McCagg, 74 AD3d at 626). That "survivability period" is different for different states.
It is well settled that New York applies the law of the state of creation when determining whether an action by or against a dissolved corporation is viable (see Bayer v Sarot, 51 AD2d 366, 368-369 [1st Dept 1976], affd 41 NY2d 1070 [1977]; Matter of Republique Francaise [Cellosilk Mfg. Co.], 309 NY 269, 277-278 [1955], rearg denied 309 NY 803 [1955]; Martyne v American Union Fire Ins. Co. of Phila., 216 NY 183, 196-197 [1915]; Sinnott v Hanan, 214 NY 454, 458-459 [1915]; McCagg, 74 AD3d at 626-627; Westbank Contr., Inc. v Rondout Val. Cent. School Dist., 21 Misc 3d 1135[A], 2007 NY Slip Op 52579[U], *6 [Sup Ct, Ulster County 2007], affd 46 AD3d 1187 [2007]; Mock v Spivey, 167 AD2d 230, 230-231 [1st Dept 1990], lv denied 77 NY2d 809 [1991]). Here, there is no dispute that Special Electric was a corporation created in Wisconsin.
Thus, Wisconsin law applied unless plaintiffs met the "heavy burden" of proving that enforcement of the relevant Wisconsin statute " 'would violate some fundamental principle of justice, some prevalent conception of good morals, some deep-rooted tradition of the common weal' " expressed in our State Constitution, statutes or judicial decisions, which they failed to do (Schultz v Boy Scouts of Am., 65 NY2d 189, 202 [1985], quoting Loucks v Standard Oil Co. of N.Y., 224 NY 99, 111 [1918]; see Cooney v Osgood Mach., 81 NY2d 66, 78-79 [1993]). "[P]lainly not every difference between foreign and New York law threatens our public policy. Indeed, if New York statutes or court opinions were routinely read to express fundamental policy, choice of law principles would be meaningless" (Cooney, 81 NY2d at 79).
Inasmuch as the instant actions were not commenced within two years after the published notice of Special Electric's dissolution as required by Wisconsin law, the actions insofar as asserted against Special Electric are not viable and the complaints to that extent were properly dismissed.
Entered: November 13, 2020
Mark W. Bennett
Clerk of the Court