Nestor v Public Adm'r of Nassau County (2022 NY Slip Op 05374)

Nestor v Public Adm'r of Nassau County

2022 NY Slip Op 05374

Decided on September 29, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 29, 2022

Before: Acosta, P.J., Mazzarelli, Gesmer, González, Higgitt, JJ. 

Index No. 161270/20 Appeal No. 16305-16305A Case No. 2022-00778, 2022-00779 

[*1]Peggy Nestor et al., Plaintiffs-Appellants,
v
Public Administrator of Nassau County, Defendant-Respondent, Lynx Asset Services, LLC, et al., Defendants. 

Jason J. Rebhun, P.C., New York (Jason J. Rebhun of counsel), for appellants.
Mahon, Mahon, Kerins & O'Brien LLC, Garden City (James Kerins of counsel), for respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered January 27, 2022, which granted defendant Public Administrator of Nassau County's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs. Order, same court and Justice, entered on or about January 31, 2022, which denied the motion of plaintiffs Peggy Nestor and Marianne Nestor for discovery as moot in light of the summary judgment order, unanimously affirmed, without costs.
Defendant met its summary judgment burden by proffering copies of the stipulations of discontinuance, with prejudice, that were entered in the earlier partition and quiet title actions, as well as the so-ordered stipulation that released defendant from any monetary liability regarding the property in question. When parties set forth their agreement in a clear, complete document, the writing should be "enforced according to its terms," and "[e]vidence outside the four corners of the document as to what was really intended but unstated or misstated is generally inadmissible to add to or vary the writing" (W.W.W. Assoc. v Giancontieri , 77 NY2d 157, 162 [1990]).
The Court also properly denied plaintiffs' discovery motion. There has been no showing that the defendant's conduct was "willful or contumacious"; indeed, there was no order requiring disclosure and the parties did not appear for a preliminary conference (see e.g. Corner Realty 30/7 v Bernstein Mgt. Corp. , 249 AD2d 191, 193 [1st Dept 1998]). Defendant persuasively argues that it did not comply with the discovery demands because the case was meritless in light of the so-ordered stipulation. Furthermore, as the court properly determined that the case would be dismissed based on the documentary evidence submitted, the discovery motion was properly denied as moot (Matter of Hearst Corp. v Clyne , 50 NY2d 707, 713-714 [1980]).
We have considered plaintiffs' remaining arguments, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 29, 2022