Fifth & Fifty-Fifth Residence Club Assn., Inc. v Vistana Signature Experiences, Inc. (2023 NY Slip Op 03404)

Fifth & Fifty-Fifth Residence Club Assn., Inc. v Vistana Signature Experiences, Inc.

2023 NY Slip Op 03404

Decided on June 22, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 22, 2023

Before: Renwick, P.J., Kennedy, Scarpulla, Shulman, Higgitt, JJ. 

Index No. 151907/19 Appeal No. 509 Case No. 2022-01457 

[*1]The Fifth and Fifty-Fifth Residence Club Association, Inc., Plaintiff-Appellant,
v
Vistana Signature Experiences, Inc., et al., Defendants-Respondents, St. Regis New York Management, Inc., Defendant.

Langone Batson, LLC, Tarrytown (James P. Batson of counsel), and Langone Batson LLC, Chicago, IL (Christopher V. Langone of bar of the State of Illinois, admitted pro hac vice, of counsel), for appellant.
Bryan Cave Leighton Paisner, LLP, New York (Chris M. LaRocco of counsel), for respondents.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered on or about February 16, 2022, which, to the extent appealed from, granted defendants' motion to dismiss the amended complaint as against Vistana Signature Experiences, Inc., Vistana Vacation Ownership, Inc., Interval Leisure Group, Inc., Starwood Hotels & Resorts Worldwide, Inc., Marriott International, Inc., and St. Regis Residence Club, New York, Inc., unanimously affirmed, with costs.
Plaintiff is an association comprised of owners of fractional timeshares in furnished units of a mixed-use condominium building at 2 East 55th Street in Manhattan. The building consists of a hotel unit, a retail unit, residential units (Suite Units), and timeshare units (Club Units). The hotel unit is occupied by a luxury hotel, The St. Regis New York. Plaintiff maintains the Club Units and related common elements and operates a reservation system, but it delegates its duties to a third-party managing agent. In its amended complaint plaintiff asserts causes of action for breach of fiduciary duty, aiding and abetting breach of fiduciary duty, tortious interference with contract, and unjust enrichment, based on alleged wrongful actions defendants and/or their predecessors-in-interest took between 2007 and 2012.
Plaintiff contends that defendants were not entitled to dismissal of the amended complaint on statute of limitations grounds because the notice of motion to dismiss did not refer to CPLR 3211(a)(5), only CPLR 3211(a)(1) and (7). Plaintiff further notes that defendants did not submit documentary evidence relevant to the statute of limitations (see CPLR 2214[a]). Even though defendants' notice of motion did not specify that they sought dismissal pursuant to 3211(a)(5), their arguments on the motion expressly argued application of the statute of limitations. Thus, the irregularity in the notice of motion did not result in any prejudice to plaintiff (see Walker v Metro-North Commuter R.R., 11 AD3d 339, 340 [1st Dept 2004]).
Defendants established that the breach of fiduciary cause of action against the sponsor defendant St. Regis Residence Club (Sponsor) was time-barred under a three-year statute of limitations rather than a six-year period, because the cause of action is not based on fraud and seeks purely monetary relief (see IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 139 [2009]; Access Point Medical, LLC v Mandell, 106 AD3d 40, 44 [1st Dept 2013]). Plaintiff's arguments that the limitations period was tolled by equitable estoppel is unpersuasive because plaintiff failed sufficiently to allege that the Sponsor's affirmative wrongdoing prevented it from timely commencing this action (see Putter v North Shore Univ. Hosp., 7 NY3d 548, 552-553 [2006]; Jang Ho Choi v Beautri Realty Corp., 135 AD3d 451, 452 [1st Dept 2016]). Further, the continuing wrong doctrine is inapplicable because plaintiff alleges only continuing damages from the initial alleged wrongful conduct, not continuing [*2]wrongful conduct (see Henry v Bank of Am., 147 AD3d 599, 601 [1st Dept 2017]).
Similarly, the complaint fails to state a cause of action for aiding and abetting a breach of fiduciary duty, as there is no viable underlying claim for breach of fiduciary duty (see Kagan v HMC-New York, Inc., 94 AD3d 67, 72 [1st Dept 2012], appeal dismissed 19 NY3d 918 [2012]). The aiding and abetting breach of fiduciary duty cause of action is premised on breaches committed by the Sponsor and St. Regis New York Management, but as noted above, plaintiff's breach of fiduciary duty cause of action against the Sponsor is time-barred. Moreover, the action was dismissed as against St. Regis New York Management, and plaintiff did not appeal that dismissal.
Plaintiff has also failed to state a cause of action for tortious interference with contract because it does not allege an actual breach of any contractual provision (see Oddo Asset Mgt. v Barclays Bank PLC, 19 NY3d 584, 594 [2012]; Lama Holding Co. v Smith Barney, 88 NY2d 413, 424 [1996]). As to the cause of action for unjust enrichment, it was properly dismissed because it effectively duplicates plaintiff's nonviable tort causes of action or replaces a breach of contract cause of action that would be premised on written purchase agreements among the parties (see Corsello v Verizon N.Y., Inc., 18 NY3d 777, 791 [2012]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 22, 2023