Fifth & Fifty-Fifth Residence Club Assn., Inc. v Vistana Signature Experiences, Inc. (2024 NY Slip Op 00227)

Fifth & Fifty-Fifth Residence Club Assn., Inc. v Vistana Signature Experiences, Inc.

2024 NY Slip Op 00227

Decided on January 18, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 18, 2024

Before: Oing, J.P., Kennedy, Mendez, Rodriguez, Michael, JJ. 

Index No. 151907/19 Appeal No. 1464 Case No. 2022-05747 

[*1]Fifth and Fifty-Fifth Residence Club Association, Inc., Plaintiff-Appellant,
v
Vistana Signature Experiences, Inc., et al., Defendants, St. Regis New York Management, Inc., Defendant-Respondent.

Langone Batson, LLC, Tarrytown (James P. Batson of counsel), and Langone Batson, LLC, Chicago, IL (Christopher V. Langone of the bar of State of Illinois, admitted pro hac vice, of counsel), for appellant.
Bryan Cave Leighton Paisner, LLP, New York (Chris M. LaRocco of counsel), for respondent.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered on or about November 14, 2022, which, insofar appealed from as limited by the briefs, granted the motion of defendant St. Regis New York Management, Inc. (Manager) to dismiss, with prejudice pursuant to CPLR 3211(a)(1) and (7), the claims in the second amended complaint (SAC) pertaining to its alleged (i) manipulation of a rental program and (ii) receipt of kickbacks, unanimously affirmed, with costs.
Plaintiff is not in privity with the plaintiffs in Gillespie v St. Regis Residence Club, N.Y. Inc. (SD NY, Case No. 1:16-cv-9390-GHW). Even though plaintiff's members are the owner of Club Interests (timeshares — see Fifth & Fifty-Fifth Residence Club Assn., Inc. v Vistana Signature Experiences, Inc., 217 AD3d 564 [1st Dept 2023]) and the Gillespie plaintiffs were the owners of Club Interests, the Gillespie plaintiffs did not represent the interests that plaintiff seeks to assert in the instant action, which arise out of its contract with Manager (see Green v Santa Fe Indus., 70 NY2d 244, 253 [1987]).
Even though this action is not barred by collateral estoppel, the motion court properly dismissed plaintiff's claims. With respect to the first cause of action, even if the parties were in a fiduciary relationship (see EBC I, Inc. v Goldman Sachs & Co., 5 NY3d 11, 19 [2005]), that relationship did not include the rental program. The offering plan provides that plaintiff is responsible for the Club reservation system, but the reservation system is not the same as the rental program.
In the management agreement, plaintiff delegated to Manager its duties under the offering plan. Since plaintiff was never responsible for the rental program in the first place, it cannot have delegated this responsibility to Manager. The documentary evidence shows that, if Club Members decide to rent out their weeks through Manager, they must enter into a rental agreement directly with it. Plaintiff is not part of this equation. The management agreement provides, "Manager is responsible for: (i) check-in and check-out services; (ii) cleaning and linen services for each Club Unit, as necessary; and (iii) any other Club operational matters." The scope of "any other Club operational matters" is limited by the preceding phrases "check-in and check-out services" and "cleaning and linen services" (see Miller Tabak + Co., LLC v Senetek PLC, 118 AD3d 520, 522 [1st Dept 2014], lv denied 24 NY3d 917 [2015]).
Since the rental program is outside the scope of the fiduciary relationship between plaintiff and Manager, Manager did not commit misconduct by giving rental priority to the St. Regis Hotel and former defendant St. Regis Residence Club, New York Inc. (Sponsor) over non-Sponsor Club Members. As for the purported kickback, the documentary evidence shows that it was not received by Manager. Plaintiff alleges that the kickback agreement is a 2012 contract between Sponsor and nonparty Starwood Vacation Exchange Company[*2], Inc., on the one hand, and nonparty St. Regis New York Operating LLC on the other. The SAC does not allege that Manager is the alter ego of one of the parties to the 2012 agreement.
Plaintiff improperly added the contract claim to the SAC (see McCagg v Schulte Roth & Zabel LLP, 74 AD3d 620, 627 [1st Dept 2010]). When the court dismissed the first amended complaint (FAC), it gave plaintiff leave to file a further amended complaint "with respect to the alleged direct claims against the Manager." The claims in the FAC did not include breach of contract (see Fifth & Fifty-Fifth Residence Club, 217 AD3d at 565). In any event, even if we were to consider the contract claim on the merits, we would find that it was properly dismissed.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 18, 2024