Mendez v City of New York (2026 NY Slip Op 00199)

Mendez v City of New York

2026 NY Slip Op 00199

Decided on January 15, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 15, 2026

Before: Kern, J.P., Scarpulla, Kapnick, Shulman, Hagler, JJ. 

Index No. 27362/20|Appeal No. 5616|Case No. 2024-04710|

[*1]Erick Mendez, Plaintiff-Appellant,
vThe City of New York et al., Defendants-Respondents.

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Jack W. Lockwood II of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Hannah J. Sarokin of counsel), for respondents.

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered July 11, 2024, which granted defendants' motion to dismiss the 42 USC § 1983 claims as against defendants Bart Glowa, Christopher Montera, and Brendan Latimer (collectively, the officer defendants) on the ground that the claims are barred by the applicable statute of limitations, unanimously affirmed, without costs.
Supreme Court properly granted the officer defendants' motion to dismiss the § 1983 claims as against them. Plaintiff should not be permitted to substitute the now-identified officer defendants in place of the original "John Doe" defendants under CPLR 1024 and assert his time-barred § 1983 claims against them as he did not exercise due diligence in attempting to ascertain the identity of those defendants before the applicable statute of limitations expired (see Irvine v City of New York, 232 AD3d 467, 468 [1st Dept 2024]. Plaintiff should also not be permitted to apply the relation-back doctrine (CPLR 203[c]) to relate the new § 1983 claims back to the original complaint for the same reason (see Tucker v Lorieo, 291 AD2d 261, 262 [1st Dept 2002]). In view of this determination, we need not reach the issue of whether plaintiff described the John Doe defendants in his original complaint in such a way as to fairly apprise the officer defendants that they were the intended defendants (see Lebowitz v Fieldston Travel Bureau, 181 AD2d 481, 482 [1st Dept 1992]).
The motion court did not abuse its discretion in dismissing plaintiff's state law claims as time-barred. Although the officer defendants' notice of motion did not specifically request any relief with respect to those claims, the "irregularity in the notice of motion" and the court's consideration of that relief "did not result in any prejudice to plaintiff" because the dismissal of the state law claims was granted under the same statute, against the same parties, and on the same rationale and operative facts as the dismissal of the § 1983 claims (Fifth & Fifty-Fifth Residence Club Assn., Inc. v Vistana Signature Experiences, Inc., 217 AD3d 564, 565 [1st Dept 2023]).
We have considered plaintiff's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 15, 2026