[630 NYS2d 45]

Gerard A. Corsini, Respondent, v U-Haul International, Inc., et al., Appellants, et al., Defendant.

First Department, July 20, 1995

## APPEARANCES OF COUNSEL

*Gerard A. Corsini,* New York City, respondent *pro se.*

*Allen H. Isaac* of counsel, New York City (*Brian J. Isaac* with him on the brief; *Gladstein & Isaac,* attorneys), for appellants.

## OPINION OF THE COURT

ROSENBERGER, J.

Plaintiff, an attorney, instituted this personal injury action, *pro se,* alleging that he was assaulted at a U-Haul rental office at 11th Avenue and 23rd Street, during an argument with the manager. This appeal concerns a determination of the appropriate sanction for plaintiff's misconduct during pretrial discovery.

According to one of the defendant's counsel, plaintiff commenced harassing him even before a pretrial deposition, by following defense counsel about the hallways of the courthouse and into a courtroom, while he was on trial in an unrelated case. Plaintiff admits that he followed his adversary, but claims that he was merely attempting to evaluate his opponent in preparation for this trial.

On December 20, 1993, plaintiff appeared at the office of one of the defendant's counsel for a deposition. During this deposition, plaintiff repeatedly refused to answer, evaded, and gave improper responses to defendant's questions. Plaintiff also made personal attacks against defense counsel, his firm, and those associated with the defense. The following excerpts are illustrative:

"You practiced at the lowest level of the profession and, unfortunately, that is not even professional. Where that is, is in the sewer, in the basement. You're a hired gun, you're a paid person to do what the bidding of your client *[sic],* who has already been established to be unethical * * *

"You're so scummy and so slimy and such a perversion of ethics or decency because you're such a scared little man, you're so insecure and so frightened and the only way you can impress your client is by being nasty, mean-spirited and ugly little man, and that's what you are. That's the kind of prostitution you are in."

Plaintiff also frustrated the deposition by refusing to answer numerous relevant and appropriate questions about his domicile, witnesses to the events, and his medical treatment after

the alleged assault, responding with comments such as "I'm not answering your question", "None of your business", or: "[j]ust assume I have been around and I have practiced with the best and the brightest which is irrelevant to anything about the way which is why you are not going to get an answer [to] any of those questions. * * * [They are] so poorly framed, so redundant and so irrelevant".

It is difficult to find one among the 217 pages of the deposition which does not contain willful evasion, gratuitous insult, argumentative response, or patent rudeness from the plaintiff.

At one point in the deposition, when counsel objected to plaintiff's mimicking his speech pattern in a manner suggesting an ethnic slur, plaintiff commenced a tirade that counsel, if he was Jewish, had a low image of himself and Jews. Defense counsel suspended the deposition after the following colloquy:

"Q: Didn't Ms. Jackson [a manager at the U-Haul office] give you the name and address of Mr. Leone at the Center?

"A: Did you hear me testify that she had?

"Q: Just answer my question.

"A: It was asked and answered.

"Q: Don't raise your voice.

"A: I didn't raise my voice. Oh, God, what a slime bag."

The defendants then brought the instant motion to dismiss the complaint pursuant to CPLR 3126, based upon plaintiff's obstructive behavior. At the hearing on defendants' motion, in open court, plaintiff turned his admonitions toward the Trial Judge, stating: "Don't roll your eyes. You didn't then. I'm saying don't do it, and the reason is I am going to establish to you that this man is a disgrace to the profession, and I called him exactly what he was."

Although the trial court found plaintiff's conduct at the deposition to be obstreperous and antagonistic, and that his answers were argumentative and nonresponsive, it declined to dismiss the complaint, warning plaintiff that proper decorum was thereafter required. The court ordered that a Judicial Hearing Officer be appointed to supervise disclosure, directed plaintiff to reimburse defendants one half of the stenographic costs incurred at the deposition, and denied the balance of the motion. This appeal ensued.

Discovery abuse, here in the form of extreme incivility by

an attorney with respect to an adversary, prior to and during a deposition, is not to be tolerated. Although the deposition was not held in a courtroom, and there was no Judge present, it was, nonetheless, part of a judicial proceeding in the Supreme Court. A lawyer's duty to refrain from uncivil and abusive behavior is not diminished because the site of the proceeding is a deposition room, or law office, rather than a courtroom. (Matter of Schiff, 190 AD2d 293 [1st Dept 1993]; Paramount Communications v QVC Network, 637 A2d 34 [Del 1994]; Hall v Clifton Precision, 150 FRD 525 [ED Pa 1993].)

CPLR 3126 provides various sanctions for such misconduct, the most drastic of which is dismissal of the offending party's pleading. Dismissal is appropriate when the movant conclusively establishes that the frustration of discovery was willful, contumacious, or due to bad faith (CPLR 3126 [3]; Zletz v Wetanson, 67 NY2d 711; Sony Corp. v Savemart, Inc., 59 AD2d 676). Because of the strong public policy in this State against limiting audience before the court, and in favor of resolving disputes on the merits (see, Ackerson v Stragmaglia, 176 AD2d 602, 604), courts have reserved dismissal for rare cases where the extreme nature of the abuse warrants depriving a party of the opportunity to litigate the claim.

It is generally within the discretion of the trial court to determine an appropriate penalty (Spira v Antoine, 191 AD2d 219). Upon review of this record, however, we find that plaintiff's behavior, preceding and during a pretrial deposition, was so lacking in professionalism and civility that dismissal is the only appropriate remedy (CPLR 3126 [3]; Zletz v Wetanson, supra).

Plaintiff's pro se status distinguishes this case from those in which we declined to dismiss a complaint on grounds that a party to an action should not be punished for the misconduct of its attorney (see, Lowitt v Burton I. Korelitz, M.D., P. C., 152 AD2d 506, 507-508; Bako v V. T. Trucking Co., 143 AD2d 561). Allowances are normally made for pro se litigants. Plaintiff, however, was an officer of the court, with a duty to comport himself accordingly. He is subject to the New York Code of Professional Responsibility.

Plaintiff claimed to be an experienced attorney and a member of the Bar of at least two other States. He claimed to have earlier practiced in one of New York's leading law firms. He said he had practiced with "the best and the brightest." Given plaintiff's background and experience, we find no excuse for

his outrageous behavior, and hold that the sanction of dismissal is commensurate with the misconduct.

Accordingly, the order of the Supreme Court, New York County (Beverly S. Cohen, J.), entered on or about September 2, 1994, which denied defendants' motion to dismiss the complaint, should be reversed, on the law, the facts, and in the exercise of discretion, and the complaint dismissed, with costs. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint, with costs.

SULLIVAN, J. P., ELLERIN, ROSS and WILLIAMS, JJ., concur.

Order, Supreme Court, New York County, entered on or about September 2, 1994, which denied defendants' motion to dismiss the complaint, reversed, on the law, the facts and in the exercise of discretion, with costs, and the complaint dismissed.