■ HAROLD GLASER et al., Respondents, v FUGAZY LIMOUSINE, LTD., et al., Appellants, et al., Defendant. [641 NYS2d 660] —Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered March 1, 1995, which, *inter alia*, granted defendants' motion to reargue and, upon reargument, struck defendants' answer pursuant to CPLR 3126 (3) and denied defendants' motion for additional discovery, unanimously modified, on the law, to grant defendants the discovery requested, reinstate the answer as to both defendants-appellants with the

proviso that as to defendant Singh he is precluded from offering any evidence at trial unless he submits to a deposition no later than thirty days before trial and, except as thus modified, affirmed, without costs or disbursements. Order, same court and Justice, entered May 3, 1995, which denied defendants' motion for summary judgment dismissing the complaint on the ground that plaintiff's injury does not constitute a "serious injury" under Insurance Law § 5102 (d), unanimously affirmed, without costs or disbursements.

Defendants moved to reargue an order (Paula J. Omansky, J.), which directed both appealing defendants to appear for depositions and to produce insurance documents within twenty days. That order provided for the settlement of an order striking the answer upon defendants' failure to supply a copy of the insurance policy and defendant Fugazy's failure to appear for deposition. Somewhat inconsistently, it also provided that if defendant Singh, who was unavailable, having allegedly returned to India, failed to appear for deposition his testimony would be precluded. This disparate treatment was due, no doubt, to Singh's having violated only one court order in that regard while Fugazy had violated two.

The insurance information was provided in a timely manner; however, a Fugazy employee would not be available until ten days beyond the court ordered deadline for depositions. On the argument of the reargument motion, the court (Kapnick, J.), rebuffed in its effort to refer the matter to the Justice whose order was sought to be reargued and who should properly have accepted the referral and believing it had no other recourse, struck the answer as to both defendants and, on that basis, denied defendants' request for additional discovery. This was error.

As noted, the specific remedy for Singh's failure to appear for deposition was preclusion, not the striking of his answer. Thus, in striking Singh's answer, the motion court was not strictly following the dictates of the prior order and reached a result that was not compelled. We therefore reinstate Singh's answer. In the event, however, that he is not made available for deposition, as indicated, he shall be precluded from testifying. Nor was the drastic remedy of striking Fugazy's answer warranted in the circumstances. (*See, e.g., Corsini v U-Haul Intl.,* 212 AD2d 288, 291.) It had produced the requisite insurance documents and sought leave to amend its response to plaintiffs' notice to admit to concede that Singh was driving the alleged offending vehicle with its permission and consent at the time of the accident. Such concession might well have rendered the deposition unnecessary.

The additional documents sought by defendants in their motion to reargue, to which they are entitled, should be produced if they have not been already. Although the affirmation of plaintiffs' medical expert is, in many respects, inconsistent with the medical reports and without objective, scientific findings to support his conclusions, it does, taken with the other documentary evidence, create an issue of fact as to whether plaintiff suffered a "serious injury" as defined by the Insurance Law. Concur—Sullivan, J. P., Rosenberger, Wallach, Kupferman and Williams, JJ.