(June 24, 2010)

■ Joyce Henderson, Respondent, v Manhattan and Bronx Surface Transit Operating Authority et al., Appellants, et al., Defendants. [902 NYS2d 365]—

Order, Supreme Court, Bronx County (Paul A. Victor, J.), entered on or about February 6, 2009, which denied defendants-appellants' motion to vacate an order, same court and Justice, entered June 20, 2007, granting plaintiff's motion to strike their answer unless they fully complied with certain discovery demands within 60 days after service of the order and paid a $1,000 penalty to plaintiff, affirmed, without costs.

Given the five-day extension under CPLR 2103 (b) (2), defendants-appellants' August 29, 2007 submissions were timely (*see e.g. Penn v American Airlines*, 192 AD2d 385 [1993]). However, defendants-appellants did not "fully comply" with the order, as required therein, as their submission of discovery responses mere days before the court-ordered deadline frustrated the purpose of the order, to have discovery completed within a

certain time frame; they failed to produce a witness by the court-ordered deposition deadline; and they had not paid the monetary penalty. Defendants-appellants failed to proffer reasonable excuses for their delays and noncompliance. Their conduct, in conjunction with their failure to comply with the November 9, 2006 and March 15, 2007 discovery orders despite plaintiff's repeated demands, constituted willful, contumacious, and bad faith behavior warranting the striking of their answer (*see Vlahos v 422 E. 14th St. Assoc., LLC*, 60 AD3d 402 [2009]; *Reidel v Ryder TRS, Inc.*, 13 AD3d 170 [2004]). Concur—Gonzalez, P.J., Manzanet-Daniels and Román, JJ.

Saxe and McGuire, JJ., dissent in a memorandum by McGuire, J., as follows: I agree with the majority that, contrary to the motion court's determination, the five-day extension under CPLR 2103 (b) (2) is applicable, rendering timely the discovery submissions of defendants Manhattan and Bronx Surface Transit Operating Authority and New York City Transit Authority (defendants). I disagree, however, with the majority's conclusion that defendants' submission of discovery responses "mere days before the court-ordered deadline" warrants the striking of the answer.

By order dated June 18, 2007, the court granted plaintiff's motion to strike defendants' answer based on their failure to comply with prior discovery orders "unless within 60 days after the date of service of [the] order the defendant [*sic*] fully complies with the previous court orders and/or discovery/disclosure demands." Thus, defendants were required to provide by the deadline certain documents that were listed in a "statement of facts" annexed to the order. Defendants also were required to provide a copy of Williams's personnel file to the court for an in camera inspection within the 60-day deadline and to produce both Williams and nonparty Livingston Bryant, an investigator employed by defendant New York City Transit Authority who had spoken with plaintiff after the accident that is the subject of this litigation, for examinations before trial on or before September 1, 2007. The order also imposed a sanction on defendants for their failure to comply with prior discovery orders, requiring them to pay $1,000 to plaintiff "as a monetary penalty for having to make two motions to compel this discovery." The court's order, however, did *not* specify a deadline for payment of the $1,000.

Plaintiff served the order with notice of entry by mail on June 27, 2007, giving defendants 60 days plus five additional days (or until August 31, 2007) to comply. By letter dated August 29, 2007, defendants submitted documents to plaintiff in compli-

ance with the court's conditional order. One day earlier, on August 28, 2007, Williams's personnel file was mailed to the court for in camera inspection. In addition, defendants scheduled Williams's deposition for August 31, 2007.

By letter dated August 30, 2007, plaintiff's counsel acknowledged receipt of the discovery, claimed that defendants failed to comply with the order and declined to attend Williams's deposition. Williams appeared for his deposition on August 31st, as scheduled, but plaintiff's counsel did not appear. Thereafter, plaintiff's counsel continually refused to appear for Williams's deposition, taking the position that the answer was stricken based on the terms of the conditional order. Defendants assert that in addition to trying to complete Williams's deposition, they attempted to pay the $1,000 sanction but plaintiff's counsel failed to provide a W-9 form that was required to process the payment.

The motion court found that defendants "failed to fully comply with the spirit and letter of [its] prior order," stating that "[b]y mailing the bus operator's file for in camera inspection just three days before the expiration of the September 1st court-ordered deadline for conducting the deposition of said bus operator, defendant [*sic*] virtually insured that the court-ordered deposition would not take place since said documents would not be available to plaintiff for use at said deposition." The court also cited defendants' failure to produce Livingston Bryant for a deposition on or before September 1, 2007 and the failure to pay the court-ordered monetary penalty of $1,000 as the basis for its conclusion that defendants' answer should be stricken.

The issue presented here is not whether defendants failed to comply with the prior orders—defendants admit they did not and for that inexcusable failure they properly were sanctioned. Rather, the issue is whether defendants failed to comply with the conditional order. Noncompliance with that order has not been established. The conditional order did not require defendants to produce Williams's personnel file for inspection prior to the 60-day deadline. I agree that mailing the file to the court on August 28 violated the spirit of the conditional order. But it did not violate the letter of the order. Absent an actual violation of the terms of such a conditional order, no violation should be found. To conclude otherwise is contrary to the public policy of this State favoring resolution of actions on the merits (*Corsini v U-Haul Intl.*, 212 AD2d 288, 291 [1995], *lv dismissed in part and denied in part* 87 NY2d 964 [1996]) and the principle that "a court should not resort to striking an answer for failure to comply with discovery directives unless noncompliance is clearly

established to be both deliberate and contumacious" (*Catarine v Beth Israel Med. Ctr.*, 290 AD2d 213, 215 [2002]).

Nor can a violation of the conditional order be found on account of the fact that defendants did not pay the $1,000 sanction before August 31, 2007. The court found that defendants' assertion that plaintiff's counsel thwarted their effort to pay the sanction was "disingenuous" and "not supported by any ancillary proof." Whether the court was correct need not be discussed. The dispositive fact is that regardless of what the court may have intended, the conditional order did not require defendants to pay the sanction within the 60-day deadline.

Nor does defendants' ostensible failure to produce Livingston Bryant for a deposition support striking the answer. Critically, plaintiff never relied on this alleged failure in moving to strike the answer. Indeed, the court acknowledged that "neither party comments in their submissions as to whether such deposition was held or was waived." The unfairness of effectively holding defendants liable on this ground, even though plaintiff did not rely on it (and, of course, defendants did not have any occasion to address it), is manifest.