Merchant Cash & Capital, LLC v Blueshyft, Inc. (2022 NY Slip Op 07067)

Merchant Cash & Capital, LLC v Blueshyft, Inc.

2022 NY Slip Op 07067

Decided on December 14, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2020-05213
 (Index No. 608968/16)

[*1]Merchant Cash & Capital, LLC, etc., plaintiff,
v
Blueshyft, Inc., etc., et al., defendants; Mark Yosef, nonparty-appellant.

Mark Yosef, Brooklyn, NY, nonparty-appellant pro se.
Amos Weinberg, Great Neck, NY, for defendants.

DECISION & ORDER
In an action to recover damages for breach of contract, nonparty Mark Yosef appeals from an amended order of the Supreme Court, Nassau County (Thomas Feinman, J.), dated June 3, 2020. The amended order, upon remittur from this Court (see Merchant Cash & Capital, LLC v Blueshyft, Inc., 175 AD3d 603), directed nonparty Mark Yosef to pay a sanction in the amount of $1,500 to the Lawyers' Fund for Client Protection, with an explanation of the reasons for the sanction.
ORDERED that the amended order is affirmed, with costs.
A court, in its discretion, may award a party costs in the form of reimbursement for actual expenses incurred and reasonable attorneys' fees where an opposing party has engaged in frivolous conduct (see 22 NYCRR 130-1.1[a]). Conduct is frivolous under 22 NYCRR 130-1.1(c) if it is "completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law" (id. § 130-1.1[c][1]) or "undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another" (id. § 130-1.1[c][2]; see Madigan v Berkeley Cap., LLC, 205 AD3d 900, 907; Miller v Falco, 170 AD3d 707, 710).
Here, the actions of Mark Yosef, the defendants' counsel, which included refusing to allow another attorney to handle the matter where there was an order prohibiting Yosef from dealing with the plaintiff's counsel, refusing to produce the partner of his firm when the court ordered his appearance, and making rude and inappropriate calls to court staff, were intended to delay the proceedings and to harass. Accordingly, the Supreme Court providently exercised its discretion in imposing a sanction against Yosef.
Yosef's remaining contentions are either improperly raised for the first time on appeal or without merit.
BARROS, J.P., RIVERA, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court