Junmei Zhang v City of New York (2023 NY Slip Op 06325)

Junmei Zhang v City of New York

2023 NY Slip Op 06325

Decided on December 07, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 07, 2023

Before: Webber, J.P., Scarpulla, Pitt-Burke, Rosado, O'Neill Levy, JJ. 

Index No. 157088/15 Appeal No. 1175-1176-1177 Case No. 2022-03411, 2022-05033, 2023-01347 

[*1]Junmei Zhang, Plaintiff-Respondent,
v
The City of New York, Defendant-Appellant, New York City Department of Homeless Services et al., Defendants. 

Harris Beach PLLC, New York (Brian D. Ginsberg of counsel), for appellant.
DeColator, Cohen & DiPrisco LLP, Garden City (Carolyn M. Canzoneri of counsel), for respondent.

Orders, Supreme Court, New York County (Francis A. Kahn, III, J.), entered July 21, 2022 and March 6, 2023, which, to the extent appealed from, imposed a monetary sanction on defendant the City of New York, ordering it to pay plaintiff for all expenses in attempting to obtain certain discovery in the sum of $18,671.45, unanimously reversed, on the law and the facts and in the exercise of discretion, without costs, and the award vacated. Appeal from order, same court and Justice, entered September 30, 2022, which denied the City's motion to renew and reargue, unanimously dismissed, without costs, as academic.
Though the motion court's sanction order is not appealable as of right because it did not decide a motion made on notice (CPLR 5701[a][2]), this Court deems the notice of appeal to be a motion for leave to appeal and grants such leave (Milton v 305/72 Owners Corp., 19 AD3d 133 [2005], lv denied 7 NY3d 778 [2006]). 
The motion court failed to set forth the statute or court rule authorizing the sanction imposed on the City. However, assuming that the sanction was imposed due to the City's purported conduct in delaying resolution of the litigation, the motion court did not satisfy the procedural requirements of Rules of Chief Admr of Cts [22 NYCRR] §§ 130-1.1; 1.2 (see Metrosearch Recoveries, LLC v City of New York, 169 AD3d 512 [1st Dept 2019], lv denied 33 NY3d 910 [2019]). In any event, the City's failure to move for dismissal of the negligence claims earlier was a less than prudent litigation tactic, but its conduct was not so egregious as to be frivolous (see e.g. Gordon Group Invs., LLC v Kruger, 127 AD3d 592 [1st Dept 2015]). A CPLR 3211(a)(7) motion may also be brought at any time (see M & E 73-75, LLC v 57 Fusion LLC, 189 AD3d 1, 6 [1st Dept 2020]). Moreover, contrary to plaintiff's contentions, the record does not show that the City willfully failed to comply with any discovery orders and the motion court never found as such (see CPLR 3126; see Pezhman v Dept. of Educ. of City of N.Y., 95 AD3d 625 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 7, 2023