Slabakis v Olympos Trading Corp. (2024 NY Slip Op 51592(U))

[*1]

Slabakis v Olympos Trading Corp.

2024 NY Slip Op 51592(U)

Decided on November 20, 2024

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 20, 2024
Supreme Court, New York County

Angelo Slabakis, Plaintiff,

against
Olympos Trading Corp., SEVERN REALTY CORP., SEVERN REALTY PARTNERS LP, ESTATE OF THEODORE SAMOURKAS, MARINELA SAMOURKAS, GEORGE GEORGITSAS, ALLEN H, BRILL, BRILL & MEISEL, Defendant.

Index No. 653632/2021

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 002) 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122 were read on this motion for DISCOVERY
This is an action for breach of contract, fraudulent conveyance, unjust enrichment, constructive trust, and shareholder derivative rights surrounding an alleged purchase of equity interest in properties located in the New York City metropolitan area. In motion sequence 002, plaintiff moves, pursuant to CPLR 3124, to compel defendants to appear for further depositions, and to compel defendants and nonparty firm, Proskauer Rose LLP, to produce documents. Defendants oppose plaintiffs' application and cross-move, pursuant to 22 NYCRR 130-1.1, for sanctions.
Background
The following facts are taken from the complaint (NYSCEF doc. no. 56).
Plaintiff alleges that in and around 1977, he, along with defendant Theodore Samourkas and non-party John Moshaklaidis, entered into an agreement to acquire equity interests in properties located in the New York City metropolitan area. From 1977 until 1984, plaintiff alleges that he actively handled the affairs of various corporate entities formed to pursue these real estate ventures. Around late 1984, the working relationship between Samourkas and plaintiff deteriorated. The parties purportedly agreed that Samourkas would purchase plaintiff's equity [*2]interest in the properties. The buyout transaction called for Samourkas to make a down payment of $1,100,000 plus $10,000,000 or twenty percent of the profits of the sales of the properties, whichever was greater, to be paid when the last of the properties was sold. It is unclear whether this agreement was ever memorialized in writing.
At some point thereafter, Theodore Samourkas' passed away. At the time of his passing, one property remained in Samourkas' possession: 576 Fifth Avenue, New York, New York. Samourkas' interests in the Fifth Avenue property were left to his daughter, Marinela Samourkas. Upon information and belief, the complaint alleges, the Fifth Avenue property was sold, which purportedly triggered the terms of the buyout agreement. This action was commenced by plaintiff to enforce the buyout agreement terms. Discovery is ongoing.
On October 18, 2022, a status conference was held and plaintiff was granted leave to file a discovery motion limited in scope to the grounds set forth in plaintiff's October 16, 2022 discovery correspondence. In motion sequence 002, plaintiff moves for an order compelling defendants and nonparties to comply with a number of discovery demands. Specifically, plaintiffs seek: (1) to compel the continued deposition of Marinela Samourkas and to compel the production of email communications identified by Marinela Samourkas at her initial deposition; (2) to compel defendants to turn over the original trust agreement which purportedly conferred Samourkas' interest to his daughter Marinela; (3) to compel attorney Allen H. Brill to appear for a deposition; (4) to compel the deposition of a representative of the law firm, Proskauer Rose LLP and the production of various subpoenaed documents; (5) to compel defendants to produce a privilege log; (6) to compel the production of certain tax returns; (7) to compel the production of financial and bank records for the period of 1977-1985; (8) to compel the bank JPMorgan Chase to provide a witness with knowledge of issues related to documentary storage; and (9) to compel responses to plaintiff's post-deposition notice for discovery and inspection. As presented, the instant motion seeks relief that exceeds the scope of permissible leave granted by this court on October 19, 2022 (22 NYCRR §202.70, Rule 14).
Standard of Law
It is well settled that the trial court has broad power to supervise disclosure (Daniels v City of New York, 291 AD2d 260, 260 [1st Dept 2002]). CPLR 3101(a) provides that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action." The test is one of usefulness and reason (Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406 [1968]). "[I]f there is any possibility that the information is sought in good faith for possible use as evidence-in-chief or in rebuttal or for cross-examination, it should be considered evidence material ... in the prosecution or defense" (id. at 407 [internal quotation marks and citation omitted]). However, "the principle of 'full disclosure' does not give a party the right to uncontrolled and unfettered disclosure" (Mendives v Curcio, 174 AD3d 796, 797 [2nd Dept 2019][internal quotation marks and citation omitted]). The party seeking disclosure must demonstrate that "'the method of discovery sought will result in the disclosure of relevant evidence or is reasonably calculated to lead to the discovery of information bearing on the claims'" (Abrams v Pecile, 83 AD3d 527, 528 [1st Dept 2011], quoting Vyas v Campbell, 4 AD3d 417, 418 [2d Dept 2004]).
Motion to Compel
Further Deposition of Marinela Samourkas
Marinela Samourkas appeared for her deposition on August 19, 2022. Plaintiff alleges [*3]that, prior to her deposition, Samourkas withheld documents relevant to the transfer of her father's interests and relevant to the question of her involvement in her fathers' real estate holdings. It is alleged that, after her deposition, she disclosed thirteen documents that were not previously disclosed, and which purportedly contradicted the testimony provided by Samourkas at her deposition. Plaintiff now seeks to re-depose Samourkas concerning the belatedly exchanged documents.
In order to show that an additional deposition is warranted, the movant must demonstrate that (1) the representatives already deposed had insufficient knowledge, or were otherwise inadequate, and (2) there is a substantial likelihood that the persons sought for depositions possess information which is material and necessary to the prosecution of the case (Nunez v Chase Manhattan Bank, 71 AD3d 967, 968 [2d Dept 2010]).
Here, defendants generally oppose plaintiffs' request on the grounds that the information sought is not material or relevant to the claims in this action. The opposition does not address whether Samourkas has additional information regarding the newly disclosed documents that is material to the prosecution of this case and does not substantively oppose plaintiff's representation that documents were belatedly produced and subject to further questioning at an examination before trial. Given the uncontested possibility that Samourkas has information necessary for the prosecution of plaintiff's case, as it pertains to newly exchanged documents that were not the subject of prior questioning under oath, plaintiff's motion to compel Samourkas' further deposition is granted.
Discovery Responses
In plaintiff's document request numbers 36, 79, and 80, plaintiff requested documents related to the creation and operation of several corporations, whose ownership is purportedly contested in this action, as well as for documents related to the sale, lease, mortgage, resolution and meeting minutes for Olympos Trading Corp. and Severn Realty Corp. Defendants responded to the demands on May 11, 2022 and denied possession, custody and control of any of the requested documents (NYSCEF doc. no. 56, para 8). In the instant motion, plaintiff seeks an order compelling defendants to produce the requested documentation.
Here, it is this court's view that defendants have adequately complied with their discovery obligations. Through disclosure, a party is only required to produce those items that are within the "possession, custody or control" of the party served, which, under certain circumstances, can also mean "constructive possession" - the right, authority, or practical ability to obtain the documents or information sought (Commonwealth of N. Mariana Islands v Canadian Imperial Bank of Com., 21 NY3d 55, 62—63 [2013]. CPLR 3101[h] governs when amendment or supplementation of responses is required. It states in pertinent part that "[a] party shall amend or supplement a response previously given to a request for disclosure promptly upon the party's thereafter obtaining information that the response was incorrect or incomplete when made, or that the response, though correct and complete when made, no longer is correct and complete, and the circumstances are such that a failure to amend or supplement the response would be materially misleading." Here, there is no evidence before this court, at this time, that defendants provided incomplete or incorrect information such that an order directing supplementation would be required. This court is satisfied that defendants have responded to plaintiff's demands and provided information within their physical and constructive possession (id.).
2007 Trust Instrument
Next, plaintiffs request the production of the original trust agreement which purportedly conferred Samourkas' interest to his daughter Marinela. Plaintiff was not granted leave to seek this relief. Notwithstanding, plaintiff premises this request upon a belief that Samourkas' does not hold a valid ownership interest in the property that is the subject of the buyout agreement. Plaintiff asserts that defendants should be compelled to produce the original trust agreement to test whether the deceased Theodore Samourkas' signature and the document itself are authentic. It is claimed that a forensic inspection of the original document will reveal a purported fraud undertaken by defendants. Defendants refute any claim that grounds exist to challenge the trust instrument's authenticity, and submit that plaintiff was provided a valid, executed copy of the trust directly from Samourkas' attorneys.
Plaintiff's request for the original 2007 Trust Instrument is denied. Aside from the fact that this request is made in contravention of the New York County Commercial Division Rules (22 NYCRR 202.7, Rule 14), plaintiff seeks information that is not relevant to the causes of action asserted in this case. Information that is material and necessary to the prosecution of a case is information that bears on the controversy and may assist with trial (Allen v Crowell-Collier Pub. Co. 235 NY2d 403 [1968]). Whether the trust instrument adequately conveys a property interest to Samourkas has no bearing on whether the plaintiff is entitled to a percentage of Olympos' equity interest. Neither does this court need to engage in an assessment of the trust instrument to determine whether the principals of Severn Realty and other companies "executed deeds that fraudulently transfers Olympos' interests" (NYSCEF doc. no. 1). Defendants are not obligated to produce original documents, where, as here, the contents of the documents are not in dispute and are not sought to be proven (Kliamovich v Kliamovich, 85 AD3d 867, 869 [2011]). Indeed, secondary evidence of the contents of an unproduced original may be admissible upon threshold factual findings by the trial court (id.).
Further Deposition of Allen H. Brill
Brill, at his first deposition, purportedly testified that his employment began in 2009 after the trust execution. Further, he allegedly testified that it was attorneys Lipari and Miller who were purportedly involved in the execution of the trust and the transfer of shares to Samourkas, and that Brill had no personal knowledge regarding the trust contents and the grounds for his knowledge was information provided to him by his client (NYSCEF doc. no. 109, pg. 336, lines 16-18). Notwithstanding, plaintiff seeks to re-depose attorney Allen H. Brill regarding the contents of the original 2007 trust agreement.
Here, there is insufficient evidence that attorney Brill is a witness with knowledge who provided insufficient testimony or was otherwise an inadequate witness sufficient to warrant his re-appearance for a deposition (Pisano v Door Control, Inc., 268 AD2d 416 [2d Dept 2000]). Given this court declines to order defendants to produce the original 2007 trust agreement, the court, finds that this line of questioning will not serve as a sufficient justification to warrant Brill's re-production.
2015 Emails
Plaintiff next requests production of email communications purportedly sent to Brill by plaintiff. Defendants again interpose a general objection that the information sought is irrelevant. Defendants have not provided any specific objection to the request for documents which would prohibit the information disclosure. Therefore, defendants are directed to conduct a search for any email communications from plaintiff for the period of 2014-2015 regarding his alleged property interest in 576 Fifth Avenue (CPLR 3101(a); Allen, 21 NY2d at 407 ["[t]here [*4]shall be full disclosure of all matter material and necessary in the prosecution or defense of an action if there is any possibility that the information is sought in good faith for possible use as evidence-in-chief or in rebuttal or for cross-examination, it should be considered evidence material ... in the prosecution or defense"]).
Proskaeur Rose Subpoena
Next plaintiff seeks to compel the deposition of a Proskaeur Rose witness, in addition to a response to a supplemental subpoena served by plaintiff that demands an onsite inspection of documents and records.
CPLR 3101 permits disclosure from a non-party "upon notice stating the circumstances or reasons such disclosure is sought or required" (see CPLR 3101[a][4]; Hernandez v Mueller, 29 Misc 3d 522, 528 [Sup. Ct. 2010]). The purpose of such requirement is to afford a nonparty who has no idea of the parties' dispute or a party affected by such request an opportunity to decide how to respond (Velez v Hunts Point Multi-Serv. Ctr., Inc., 29 AD3d 104, 110 [1st Dept 2006]).
Here, the face of the subpoenas indicates the relief sought, but does not contain any notice of the circumstances or reasons such disclosure is sought or required (id., citing, Kooper v Kooper, 74 AD3d 6, 13[2d Dept 2010]). "The subpoenaing party must include that information in the notice in the first instance, lest it be subject to a challenge for facial insufficiency" (Kapon v Koch, 23 NY3d 32, 39 [2014]). Further, it does not appear that Proskaeur Rose LLP was served with the instant motion, or ever placed on notice of plaintiff's intention to seek judicial relief for Proskaeur's purported noncompliance. There is no evidence before this court that Proskaeur was aware of the purpose of the disclosure request or received notice of plaintiff's intent to obtain a contempt order for its failure to adequately respond. Plaintiff's motion for an order compelling Proskauer to appear for a deposition and respond to plaintiff's request for an onsite document inspection is denied.
Tax and Financial Records
Plaintiff also seeks to compel defendants' corporate tax returns [FN1]
and all financial records and bank statements for all relevant corporations in which he has claimed an ownership interest. Plaintiff submits that corporate tax returns would be relevant to establishing ownership of the subject properties. Defendants argue disclosure of tax returns is not warranted in this circumstance because plaintiff fails to make a "strong showing of overriding necessity to overcome the confidentiality of such information" (Editel, NY v Liberty Studios, Inc., 162 AD2d 345, 345- 46 [1st Dept 1990]).
To justify the mandatory disclosure of corporate tax returns a party must establish that the information contained within the tax return is "indispensable to the litigation and unavailable from other sources" (Nanbar Realty Corp. v Pater Realty Co., 242 AD2d 208, 209 [1st Dept 1997][denying the defendant's motion to compel the plaintiff corporation's tax returns for failing to state another source could not provide the same information]). More specifically, the proponent must "identify the particular information the return will contain and its relevance, explain why other possible sources of the information sought are inaccessible or likely to be [*5]unproductive and limit examination of the return to relevant material through redaction of extraneous information" (id. at 209-10).
Here, plaintiff merely asserts that the tax returns would help establish ownership of the corporations, but does not explain why that information cannot be gained through other means. Indeed, defendants have produced numerous documents demonstrating the corporate designation and ownership of these entities — and testimony by defendants and their law firm, Roberts & Holland, has been offered on this issue. Plaintiff has not met his burden of establishing necessity.
Additionally, with respect to the bank and other financial documents demands, plaintiff has not established what records he specifically seeks, and how said records could lead to relevant information. Here, plaintiff seeks financial records dating back to the period from 1977 to 1985 and alleges that these records are relevant to the extent that they may demonstrate "plaintiff's involvement in the properties at issue" (NYSCEF doc. no. 56, para 57). Plaintiff fails to establish how such bank and financial records, generated over 45 years ago, are necessary to proving his claims, namely, breach of contract, fraudulent conveyance, unjust enrichment, constructive trust, and shareholder derivative rights. It is not enough to claim that evidence "may" lead to something relevant. The party seeking disclosure must demonstrate that the discovery sought will result in the disclosure of relevant evidence or is reasonably calculated, based upon the disclosures to date, to lead to the discovery of information bearing on the claims (Abrams, 83 AD3d at 528). "[T]he principle of 'full disclosure' does not give a party the right to uncontrolled and unfettered disclosure" (Mendives, 174 AD3d at 797 [2d Dept 2019][internal quotation marks and citation omitted]).
Further JP Morgan Chase Deposition
Next plaintiff requests a second deposition of a representative of JP Morgan Chase. Plaintiff's request for a further JP Morgan deposition is denied. Compliance Officer Denise Clemons appeared on behalf of Chase Bank in response to a subpoena dated May 5, 2022. She purportedly testified that she conducted a search for information on four Chase Bank systems and testified that no records were found. She further testified that Chase Bank does not generally retain records longer than seven years with limited exceptions for certain mortgage and loan documents. Yet, despite this testimony, plaintiff seeks a further deposition to determine the extent of the exceptions to the document retention rule, information regarding the "manner in which" older records are destroyed or purged from the Chase Bank system, and an IT witness who can explain the document retention policy for each of the four bank vault systems.
As previously iterated, in order to show that an additional deposition is warranted, the movant must demonstrate that the representative deposed had insufficient knowledge, or were otherwise inadequate, and that there is a substantial likelihood that the persons sought for depositions possess information which is material and necessary to the prosecution of the case (Nunez, 71 AD3d at 968).
Generally, evidence is relevant if it has any tendency in reason to prove the existence of any material fact (Am. Motorists Ins. Co. v Schindler Elevator Corp., 291 AD2d 467 [2d Dept 2002]). The court, at this time, does not find further and more specific testimony regarding JP Morgan's document retention policy is information material to the causes of action in this matter. The court rejects plaintiff's representation that the JP Morgan witness was insufficient or lacked relevant knowledge.
Post Deposition Demands
Finally, plaintiff seeks to compel responses to plaintiff's post-deposition notice for [*6]discovery and inspection dated December 4, 2022. Plaintiff was not granted leave to seek this relief.
Plaintiff identifies categories of documents that were purportedly identified at depositions conducted by the parties:
1. All records from the law firm of Roberts and Holland as requested at pages 89-90 of the Marinela Samourkas Deposition.
2. The will of Theodore Samourkas referenced at page 93 of the Marinela Samourkas deposition.
3. The corporate seal for all companies identified in this suit.
4. A detailed itemization for all hours spent for work performed by the law firm of Roberts and Holland for the Samourkas family or any of their affiliated companies in the year 2007 and demanded at the Michael Miller deposition.
5. A detailed itemization of hours spent for work performed by the law firm of Roberts and Holland for companies identified and discussed at the Joseph Lipari deposition.
6. All billing sub files for work performed by the law firm of Roberts and Holland on matters related to companies identified in plaintiffs subpoena and discussed at the Joseph Lipari deposition.
7. All corporate tax returns for the law firm of Roberts and Holland.
8. All detailed itemizations of hours spent for work performed by the law firm of Roberts and Holland related to a stock ledger generated in 2009.
9. All records connected to Theodore Samourkas' buyout of the shares of Lektina Naviera Compania as identified on pages 265-269 of the Joseph Lipari deposition.
Plaintiff served defendants with his post-deposition notice on December 4, 2022. The deadline for post-deposition demands was September 26, 2022, and the parties were required to complete non-party disclosures by November 30, 2022 (NYSCEF doc. no. 50). Defendants purportedly refused to respond to plaintiff's demand on the grounds the request was untimely.
Here, the court declines to order the demanded discovery. The instant request is made in violation of the Commercial Division rules (22 NYCRR §202.70, Rule 14), Part 43 rule 6(h), and is untimely. Further, the use of "all," "any," or "any and all" renders a notice for discovery and inspection improper. CPLR 3120[a] requires that documents sought to be discovered be "specifically designated" and "specified with reasonable particularity in the notice" (Ganin v Janow, 86 AD2d 857, 858 [2d Dept1982]).
Further, there is no evidence that detailed itemizations for hours billed is material and necessary to plaintiff's claim where bills for work performed were previously provided (NYSCEF doc. no. 56, pg. 27, redacted bill provided). Additionally, production of the will of a non-party decedent is as irrelevant to a determination of the claims in this action as the original trust 2007 agreement. The claims in this case do not involve estate matters or a determination of whether Marinela Samourkas' interests in real estate were properly bequeathed. Rather, the question before this court involves whether plaintiff, himself, had a valid equity interest in the properties at issue which cannot be resolved by the production of trust instruments in which he is not named.
Further, this court declines to order the disclosure of corporate tax records as there has been no showing that the information sought could not be obtained from alternative sources. There has been no showing of any "indispensable need" for the information sought or that it was [*7]unavailable from any other source (Gama Aviation Inc. v Sandton Capital Partners LP,113 AD3d 456, 457 [1st Dept 2014]).
Finally, the court declines to address plaintiff's new requests made, for the first time, in his reply papers on this motion (NYSCEF doc. no. 119, paras. 15, 17; State Farm Fire & Cas. Co. v LiMauro, 103 AD2d 514, 521 (2d Dept 1984)("It is beyond cavil that raising a new substantive issue of law for the first time in a reply brief is improper").
Sanctions
Defendants cross-move for sanctions, detailing a pattern of unprofessional, abusive, and uncivil communications made by plaintiff's counsel (NYSCEF Doc. No. 89 at p. 25, cursing at opposing counsel and emailing 'you are obnoxious'). Defendants document a history of plaintiff counsel's disregard for court discovery orders and argue that the filing of the instant motion is frivolous, undertaken without merit, and in violation of court rules. 
Pursuant to 22 NYCRR 130—1.1(a), a court "in its discretion, may award to any party in any civil action or proceeding before the court ... costs resulting from frivolous conduct and, the court, in its discretion may impose financial sanctions upon any party who engages in frivolous conduct (Cadlerock Joint Venture, L.P. v Sol Greenberg & Sons Int'l, Inc., 94 AD3d 580, 581—82, [1st Dept 2012]). "A lawyer's duty to refrain from uncivil and abusive behavior is not diminished because the site of the proceedings is a deposition room, or law office, rather than a courtroom" (Corsini v U-Haul, 212 AD2d 288, 291 [1st Dept 1995]).
The court notes that, on numerous occasions, including the filing of the instant motion, plaintiff failed to follow court orders and directives, and, has, on occasion, observed plaintiff's unprofessional conduct during court conferences. However, conduct is defined as frivolous under 22 NYCRR 130—1.1(c) if it is "completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law" (id. § 130—1.1[c][1]) or "undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another" (Merch. Cash & Cap., LLC v Blueshyft, Inc., 211 AD3d 836, 837 (2d Dept 2022), citing id. § 130—1.1[c][2]).
Here, the court does not find the filing of plaintiff's motion to be frivolous conduct within the meaning of 22 NYCRR 130-1.1. Neither is counsel's conduct so egregious as to warrant an award of sanctions. Immature conduct, including behavior which can be classified as immoderate, rude, patronizing, and knowingly undertaken for the purpose of annoying another person, is normally insufficient to cause said conduct to suffer sanctions (e.g., People v Livio, 187 Misc 2d 302, 308—09 [Dist. Ct. 2000]).
Conclusion
Plaintiff's motion to compel is granted to the extent that defendants shall produce email communications purportedly sent to Brill by plaintiff, and shall produce Marinela Samourkas for a further deposition, for a period not to exceed three hours, in compliance with Commercial Division Rule 11-d.
Accordingly, it is hereby
ORDERED that plaintiff's motion to compel (motion seq. no. 002) is granted to the extent that the continued deposition of Marinela Samourkas, for a period not to exceed three (3) hours, shall occur in-person, and shall be completed on or before March 3, 2025; and it is further
ORDERED that defendants shall produce copies of any email correspondence with plaintiff by January 3, 2024; it is further
ORDERED that plaintiff's motion to compel discovery is denied in all other respects; and [*8]it is further
ORDERED that defendants' cross-motion for sanctions is denied.
DATE November 4, 2024
ROBERT R. REED, J.S.C.

Footnotes

Footnote 1:On reply, plaintiff withdrew his demand for production of personal tax records.