Wyse v Amtrust N. Am., Inc. (2025 NY Slip Op 03783)

Wyse v Amtrust N. Am., Inc.

2025 NY Slip Op 03783

Decided on June 24, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 24, 2025

Before: Webber, J.P., Friedman, Kapnick, Higgitt, Michael, JJ. 

Index No. 652401/20|Appeal No. 4632|Case No. 2024-05964|

[*1]Sheila Wyse, Plaintiff-Appellant,
v
Amtrust North America, Inc., Defendant-Respondent.

Greenfield Stein & Senior, LLP, New York (Paul T. Shoemaker of counsel), for appellant.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C., New York (Sarah M. Zucco of counsel), for respondent.

Order, Supreme Court, New York County (Louis L. Nock, J.), entered July 9, 2024, which granted defendant's motion to strike corrections to plaintiff's expert's errata sheet and awarded costs and attorneys' fees, unanimously modified, on the law, to vacate the award of attorneys' fees, and otherwise affirmed, without costs.
Supreme Court correctly granted defendant's motion to strike paragraph two of the errata sheet. Plaintiff's expert's corrected responses to counsel's questions, recalculating plaintiff's bonus amount, is a material and critical change to his testimony, and appears tailored to avoid the consequences of his earlier testimony that the bonus amount was actually lower because the Written/Earned Premium should have been reduced by the same percentage applied to the Earned Premium (see Moore-Reason v Manhattan Coll., 234 AD3d 617 [1st Dept 2025]; Figueroa v Relgold, LLC, 226 AD3d 425, 425 [1st Dept 2024]; cf. Mojica v Church of the Immaculate Conception, 219 AD3d 1252, 1253 [1st Dept 2023]; Cillo v Resjefal Corp., 295 AD2d 257 [1st Dept 2002]). The expert's proffered reasons for the change — that opposing counsel's questions confused and distracted him — are inadequate (see Torres v Board of Educ. of City of N.Y., 137 AD3d 1256, 1257 [2d Dept 2016]), especially considering that defense counsel's conduct during the deposition was neither harassing nor improper (see e.g. Corsini v U-Haul Intl., 212 AD2d 288 [1st Dept 1995], lv dismissed 87 NY2d 965 [1996]).
However, the court improvidently awarded defendant attorneys' fees, as it failed to set forth the statute or court rule authorizing the sanction (see Junmei Zhang v City of New York, 222 AD3d 445, 446 [1st Dept 2023]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 24, 2025