Leslie Digital Imaging LLC v Empower Info. Sys., Inc. (2025 NY Slip Op 06024)

Leslie Digital Imaging LLC v Empower Info. Sys., Inc.

2025 NY Slip Op 06024

Decided on October 30, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 30, 2025

Before: Moulton, J.P., Gesmer, González, Higgitt, Michael, JJ. 

Index No. 652634/22|Appeal No. 5083-5084|Case No. 2023-06567 2023-06568|

[*1]Leslie Digital Imaging LLC, Doing Business as LDI, Plaintiff-Respondent,
v
Empower Information Systems, Inc., et al., Defendants-Appellants. 

DeToffol & Gittelman Attorney at Law, New York (David DeToffol of counsel), for appellants.
Davidoff Hutcher & Citron LLP, New York (Benjamin Norman of counsel), for respondent.

Orders, Supreme Court, New York County (Barry R. Ostrager, J.), entered on or about October 3 and October 30, 2023, which, to the extent appealed from, granted plaintiff's motion for sanctions against defendants in the amount of $10,000 and sanctioned defendants an additional $10,000 for failure to comply with the October 3 order, unanimously reversed, on the law, without costs, the motion denied and the sanctions vacated.
While we do not condone defendant's conduct during discovery, we must reverse the sanction orders. The court improvidently imposed the sanctions on defendants. The orders did not indicate why the $10,0000 amount imposed was appropriate in either instance (see Matter of Kings County Hosp. v M.R., 226 AD3d 513, 514 [1st Dept 2024]), and the alleged discovery failures upon which they were based were not "so egregious as to be frivolous" within the meaning of 22 NYCRR 130-1.1(c) (Junmei Zhang v City of New York, 222 AD3d 445, 446 [1st Dept 2023]).
Further, even if defendants' discovery responses were inadequate or untimely, the record does not "conclusively show[] that these failures were willful or contumacious" (Marvin E. Goldberg, P.C. v Law Offs. of Raymond Schwartzberg & Assoc., PLLC, 216 AD3d 547, 547 [1st Dept 2023]; see CPLR 3126).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 30, 2025